Hillsborough.
No. 5533.

## STATE

*v.*

## THOMAS E. HUTTON.

Submitted October 5, 1966.
Decided October 31, 1966.

` *George S. Pappagianis*, Attorney General, *William J. O'Neil*, Assistant Attorney General and *Emile R. Bussiere*, county attorney ( by brief ), for the State.

*Sullivan, Gregg* & *Horton* ( by brief ), for the defendant.

Kenison, C. J. The principal question in this case is whether the Superior Court has the authority to allow bail for the defendant, who has been convicted and has served a part of his sentence, pending his appeal. We conclude the question requires an affirmative answer.

Bail before conviction is a right guaranteed by statute in noncapital cases. "All persons arrested for crime shall, before conviction, be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great." RSA 597:1. This is a common provision in most jurisdictions. Freed and Wald, Bail in the United States: 1964, *p.* 2. Bail pending appeal from a conviction is generally regulated by statute or rule of court ( Annot. 45 A.L.R. 458 ), but in this state there is no statute which expressly permits or prohibits such bail. Cf. RSA 597:39. However this omission to deal with the problem of bail pending appeal from a conviction has not left the judiciary impotent to act. *State* v. *Chaplinsky*, 91 N. H. 527; *Wyman* v.

*DeGregory,* 100 N. H. 513; *Wyman* v. *DeGregory,* 102 N. H. 564; *State* v. *LaPalme,* 104 N. H. 97. In all of these cited cases bail was allowed after conviction pending appeal to a higher court.

Too little is known about the actual operation of bail practices in this state. Silverstein, Bail in the State Courts — A Field Study and Report, 50 Minn. L. Rev. 621, 628-632, 636-637 ( 1966 ); Bail: An Ancient Practice Reexamined, 70 Yale L. J. 966 ( 1961 ). " Disenchantment with the operation of the bail system in the United States dates back many years. " Freed and Wald, Bail in the United States: 1964, *p.,* 9. As was recently pointed out in *Doe* v. *O'Brien,* 107 N. H. 79, 83. the " problem is plainly in need of legislative re-examination in the light of present-day conditions. " In the meantime Trial Courts will continue to exercise a sound discretion in allowing bail after conviction pending appeal. This is a discretion that will be rarely overturned by this court and only upon evidence of a compelling nature. This discretion includes the authority to determine not only the amount of bail and its type but also such other conditions as may tend to safeguard the rights of the accused as well as the security of society. N. H. Const., Part I, *Art.* 33rd.

A twentieth century thought was expressed in the nineteenth century decision of *State* v. *McNab,* 20 N. H. 160 ( 1849 ), that the Superior Court has power to order bail in all cases and will ordinarily exercise it in cases not capital. While that case does not decide the question in this one, it is significant that emphasis at that early date was placed on " That humane provision " of the " Bill of Rights which prohibits the exaction of excessive bail. " *State* v. *McNab, supra,* 164; N. H. Const., Part I, *Art.* 33rd.

The Superior Court is advised that it has authority to grant the defendant's motion. If the Court grants the motion it may be " upon such orders as the trial court may make for bail to ·be furnished by the defendant to secure execution of the sentence in full if it shall in final adjudication be held validly imposed. " *State* v. *Chaplinsky,* 91 N. H. 527.

The order is

*Remanded.*

All concurred.