Original,
No. 6459.

PETITION OF KENNETH R. STREETER.

August 15, 1972.

*Harkaway, Gall & Shapiro* (*Mr. Joseph F. Gall* orally) for the plaintiff.

*Robert E. Earley, Jr.,* assistant Hillsborough County attorney, orally, for the State.

KENISON, C.J. The issue raised in this case is whether the denial by the Court (*Dunfey,* J.) of a motion for stay of commitment and for bail after conviction and upon appeal

constituted an abuse of discretion. The motion was renewed in this court.

The plaintiff in a jury-waived trial was found guilty on three indictments for the sale of controlled drugs. RSA 318-B:1 (VI) (supp.), 2 (supp.) and 26 (I) (supp.); Laws 1969, 421:1. On two indictments the plaintiff was sentenced to not more than ten years and not less than five years in the State prison and the third indictment was continued for sentence. Plaintiff moved for reconsideration of the sentence and was granted a hearing thereon but the court reaffirmed its previous sentence and denied the motion to stay the sentence pending appeal and the motion for bail.

In this State bail before conviction is a right that is protected and guaranteed by statute in noncapital cases. RSA 597:1 (supp.); Laws 1969, 78:1. Bail pending appeal from a conviction is neither expressly permitted nor prohibited by statute. However bail after conviction upon an appeal to this court has frequently been allowed. *State* v. *Hutton,* 107 N.H. 426, 223 A.2d 416 (1966); *State* v. *Chaplinsky,* 91 N.H. 527, 31 A.2d 49 (1940); *Wyman* v. *DeGregory,* 100 N.H. 513, 132 A.2d 133 (1957); 102 N.H. 564, 162 A.2d 612 (1960); *State* v. *LaPalme,* 104 N.H. 97, 179 A.2d 284 (1962). It was pointed out as early as *State* v. *McNab,* 20 N.H. 160 (1849) that the trial court has the power and authority to allow bail in all cases and will ordinarily exercise it in cases not capital. The operation of the bail system in this country has not been an outstanding success as commentators and cases have consistently indicated. Freed and Wald, Bail in the United States, 1964, at 9; *Doe* v. *O'Brien,* 107 N.H. 79, 217 A.2d 189 (1966); Goldfarb, Ransom: A Critique of the American Bail System, ch. VII (1965); Bail: An Ancient Practice Reexamined, 70 Yale L.J. 966 (1961); Note, Bail Bondsmen: An Alternative, 6 Suffolk U.L. Rev. 937 (1972).

The American Bar Association project on Standards for Criminal Justice provides some general guidance. Erickson, The Standards of Criminal Justice in a Nutshell, 32 La. L. Rev. 369, 397-98 (1972). In Standards Relating to Criminal Appeals (Approved Draft 1970) appears the following: In Standard 2.3 (b) "Examples of unacceptable inducements to taking appeals are: (i) Automatic release pending appeal,

on bail or recognizance, of defendants sentenced to confinement . . . ." *See also* Commentary thereto: "Release may be appropriate pending appeal. Standard 2.5 *infra* proposes standards for such a decision." Criminal Standards, standard 2.3 (b) and Commentary (Approved draft 1970). Criminal Standard 2.5 (b) entitled "Release pending appeal; stay of execution" reads as follows: "Release should not be granted unless the court finds that there is no substantial risk the appellant will not appear to answer the judgment following conclusion of the appellate proceedings and that the appellant is not likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice. In making this determination, the court should take into account the nature of the crime and length of sentence imposed as well as the factors relevant to pretrial release."

Plaintiff contends that the trial court "in the statement accompanying the disposition of sentence, a statement made available for publication immediately thereafter, . . . made a reconsideration of sentence and stay of sentence virtually meaningless." We have examined the transcripts involving the sentence, the motion to reconsider sentence, the motion to stay sentence pending appeal and also the rehearing on these motions and cannot say that the motion was frivolous since bail and a stay of sentence could have been allowed as was done in *State* v. *Campbell*, 110 N.H. 238, 265 A.2d 11 (1970). However the record reveals that the plaintiff was not an occasional violator of the drug laws even though he had no other prior record. The fact that the codefendant pled guilty and received a much more lenient sentence arising out of same or similar transactions is a further indication that the plaintiff's motion for bail and stay of sentence was not frivolous. However we are unable to say on the whole record that the trial court was required to stay the sentence and grant bail during the stay. *See* Davis, Discretionary Justice 133-41 (1969).

*Motion for stay of commitment and for bail denied.*

All concurred.