Original
No. 6819

### State of New Hampshire v. Frances Booton

February 28, 1974

*Warren B. Rudman,* attorney general, and *Thomas D. Rath,* attorney (*Mr. Rath* orally), for the State.

*Barrett & McNeill (Mr. John T. Barrett* orally) for the defendant.

PER CURIAM. The sole issue in this case is whether the trial court abused its discretion in denying the defendant's motion for stay of sentence and for bail after conviction pending appeal. After a trial by jury on an indictment of second-degree murder, the defendant was convicted of the lesser included offense of first-degree manslaughter for killing her husband with a deadly weapon. RSA 585:8. The Trial Court, *Dunfey,* J., sentenced the defendant to eight to twenty years in State prison and, on the grounds that she had been convicted by jury of a serious crime, denied her motion for stay of sentence and for bail pending appeal. It also indicated that its denial was motivated by a concern for protecting the defendant from previously demonstrated suicidal tendencies. The defendant's exception thereto was reserved and transferred by the court.

Although there is no statutory right to bail after conviction pending appeal in this State, we have recognized that such matters are within the discretion of the trial court. *Petition of Streeter,* 112 N.H. 305, 306, 294 A.2d 385 (1972); *see* RSA 597:1 (Supp. 1973). Its exercise of discretion will be overturned by this court only on evidence of a compelling nature. *State v. Hutton,* 107 N.H. 426, 428, 223 A.2d 416, 417 (1966). In determining whether this discretion has been abused, we have referred to the American Bar Association's Standards for Criminal Justice for general guidance. *Petition of Streeter,* 112 N.H. 305, 306-07, 294 A.2d 385, 386 (1972); *see* 18 U.S.C.A. § 3148 (Supp. 1973); Note, *Preventive Detention: An Empirical Analysis,* 6 Harv. Civ. Rights L. Rev. 289 (1971). The Standards Relating to Criminal Appeals § 2.5 (Approved Draft, 1970) represents a laudable effort to set forth an analytical structure to assess whether bail should be granted in the post-conviction context. *See* K. Davis, Discretionary Justice 133-41 (1972). The primary purpose of this section is to encourage the release of a defendant pending completion of the appeal where there is an assurance that he will appear to answer judgment. *See* D. Freed & P.

Wald, Bail in the United States 8 (1964). If a trial court has such assurance, it should grant bail unless there is clear and substantial evidence that the defendant is likely to engage in serious misconduct. Standards Relating to Criminal Appeals § 2.5, Comment b (Approved Draft, 1970); *see Harris v. United States,* 404 U.S. 1232, 1235-36 (1971); *Banks v. United States,* 134 App. D.C. 254, 414 F.2d 1150 (1969); Annot., 30 L. Ed. 952, §§ 7, 9, 10 (1973); *cf. In re Underwood,* 9 Cal. 3d 345, 508 P.2d 721, 107 Cal. Rptr. 401 (1973).

The defendant contends that the trial court abused its discretion in failing to base its denial of the motion for stay of sentence and for bail pending appeal on the standards expressed in § 2.5. First, the defendant draws attention to the fact that there is no substantial risk that the appellant will not appear to answer judgment because she appeared on all previous occasions while on bail. She also points to employment and residence ties in this State which would increase the probability of her staying. Second, the defendant argues that it is unlikely that she will commit a serious crime or interfere with the administration of justice because she had been convicted previously of only one crime, larceny, sixteen years earlier. Her good conduct while she was previously out on bail is also offered as evidence to support this argument. Third, the defendant urges that since she was not found guilty of second-degree murder, her crime should not be considered so serious that release pending appeal be denied. Finally, the defendant asserts that the trial court's concern for protecting her from self-destruction through incarceration is inconsistent with the opinion of a psychiatrist, who examined her after conviction, that imprisonment would aggravate her suicidal tendencies, rather than lessen them.

We are unable to say on the record before us that the trial court was required to stay the sentence and grant bail pending appeal. The court presided at the trial of the defendant and had an opportunity to observe her through the course of the proceedings. It also consulted the probation department's report on the defendant and

considered in addition the psychological study of the defendant which examined in detail her family background, marriage relationships, work experience and mental condition. While this court might have arrived at a different conclusion, we are constrained to hold that the trial court has not abused its discretion in determining that the defendant should not be released. *See Petition of Streeter,* 112 N.H. 305, 307, 294 A.2d 385, 386 (1972); *cf. United States v. Stanley,* 469 F.2d 576, 583-84 (D.C. Cir. 1972); Annot., 23 A.L.R.2d 803, § 2 (1952).

*Defendant's exception overruled.*