Original
No. 7358

STATE OF NEW HAMPSHIRE

v.

JAMES J. SEELEY

January 31, 1976

*Warren B. Rudman,* attorney general, and *Peter W. Heed,* attorney *(Mr. Heed* orally), for the State.

*Leppo & Paris* of Massachusetts and *Barrett & McNeill (Mr. Michael A. Paris* orally) for the defendant.

PER CURIAM. This is an original petition asking us to set bail for the defendant pending an appeal of his conviction and sentence for burglary. RSA 597:1-a (Supp. 1975) provides that bail pending appeal shall be set by the trial court except in certain cases including a "substantial risk" that the defendant will "otherwise interfere with the administration of justice." It is further provided in RSA 597:1-a (Supp. 1975) that "[i]n any case where release is denied pending appeal, the presiding justice shall provide for the record the reasons for such denial."

The Trial Court *(Perkins,* J.) denied the defendant release on bail and found "there is a substantial risk that the defendant if released on bail will interfere once again with the administration of justice, as was attempted in the instant case, namely, to again break and enter and carry away evidence held at the Rockingham Justice Administration Building . . . ."

We have nothing before us in this case except the defendant's petition and the answer of the State. While it is well established that

the question of bail is a discretionary matter *(State v. Booton,* 114 N.H. 152, 317 A.2d 18 (1974); *Moses v. Helgemoe,* 115 N.H. 672, 348 A.2d 354 (1975)), it is evident that the purpose of RSA 597:1-a (Supp. 1975) is to encourage the release on bail of defendants pending appeal. The trial court in denying bail in this case was cognizant of RSA 597:1-a (Supp. 1975) and made the specific finding required by the statute. In the absence of any transcript of the trial, probation department report or transcript of the sentence hearing, it must be presumed his findings were supported by evidence and not an abuse of discretion. *Howard Laces, Inc. v. Colby Footwear, Inc.,* 112 N.H. 380, 296 A.2d 909 (1972); *Bergeron v. Hunt,* 110 N.H. 278, 266 A.2d 121 (1970); *cf. State v. Slade,* 115 N.H. 224, 337 A.2d 536 (1975).

*Petition dismissed.*