Original
No. 7584

STATE OF NEW HAMPSHIRE

v.

JAY H. ADAMS, MICHAEL CUSHING, ROBERT CUSHING, MARY GREGORY, MEDORA HAMILTON, KEVIN J. HOPKINS, NEIL A. LINSKY, AND STEPHEN ROTH

September 13, 1976

*David H. Souter,* attorney general, and *Gregory H. Smith,* assistant attorney general *(Mr. Smith* orally), for the State.

*Nixon, Christy, Tessier & Peltonen* and *Thomas Lesser* (of Massachusetts) and *Randolph J. Reis* (under rule 23) *(Mr. Nixon* orally) for the defendants.

PER CURIAM. Petition for bail pending appeal filed in this court by the defendants from their convictions for criminal contempt and the immediate imposition of a sentence of six months imprisonment, three months suspended. Defendants' motion for stay of execution and bail pending appeal were denied in Rockingham County Superior Court by *Bois,* J. Their sentences, which they are presently serving were for violations of an injunction forbidding entry upon the premises of a Seabrook Nuclear Power Plant site without express permission of the owners.

Nearly all the defendants are residents of New Hampshire and the others have close affiliations with this State. Most of them own property or work or attend school here. All defendants, but one, have no criminal record.

In 1975 the legislature enacted a new statute which strongly endorsed the position of granting bail pending appeal. Laws 1975, 275:1, effective August 5, 1975. This statute, RSA 597:1-a (Supp. 1975), reads as follows: "Bail Pending Appeal. Except for offenses punishable by death or for murder in the first degree where the proof is evident or the presumption is great, any person appealing a conviction shall be released pending an appeal on personal recognizance or be bailable by sufficient sureties as the court may require, unless there is a substantial risk that the person will not appear to answer the judgment following conclusion of the appellate proceedings, or that the person is likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice. In any case where release is denied pending appeal, the presiding justice shall provide for the record the reasons for such denial."

The new statute adopts the American Bar Association's Standards for Criminal Justice which were noted in *Petition of Streeter,* 112 N.H. 305, 306-07, 294 A.2d 385, 386 (1972); *see* ABA Standards Relating to Criminal Appeals §§ 2.3 (b) and 2.5 (Approved draft 1970); ABA Standards Relating to the Function of the Trial Judge §§ 7.1-7.5 (Approved draft 1972).

Under the circumstances the denial of bail pending their appeals may result in the defendants having served their sentences before their appeals are resolved. *State v. Gross,* (No. 7581 decided this day); *State v. Slade,* 115 N.H. 224, 337 A.2d 536 (1975); ABA

Standards Relating to Criminal Appeals §§ 2.3.(b) and 2.5 (Approved draft 1970).

The defendants are to be released forthwith pending their appeals upon the furnishing of such reasonable bail as the superior court may determine. All defendants have been convicted of violating a court injunction by activities at the Seabrook Nuclear Plant and their release on bail pending appeal is to be conditioned upon their nonparticipation in any future activities at the site of the plant.

*So ordered.*