Original
No. 7581

## STATE OF NEW HAMPSHIRE v. ROBERT D. GROSS

September 13, 1976

*David H. Souter,* attorney general, and *Gregory H. Smith,* assistant attorney general, and *Carleton Eldredge,* county attorney *(Mr. Smith* and *Mr. Eldredge* orally), for the State.

*Devine, Millimet, Stahl & Branch* and *Paul C. Semple (Mr. Shane Devine* orally) for the defendant.

*Jack B. Middleton* for the New Hampshire Bar Association and the Manchester Bar Association, amici curiae in favor of release of the defendant on bail.

PER CURIAM. Petition for bail filed in this court by the defendant pending appeal from his conviction for criminal contempt and the immediate imposition of a sentence of six months imprisonment, three months suspended. Defendant's motion for stay of execution and bail pending appeal were denied in Rockingham County Superior Court by *Bois,* J. The defendant's sentence, which he is presently serving, was for a violation of an injunction forbidding entry upon the premises of a Seabrook Nuclear Power Plant without express permission of the owners.

The defendant is a married resident of Bedford, New Hampshire, a member of the New Hampshire bar for the past four years, and is regularly employed by New Hampshire Legal Assistance. He has no criminal record and is not affiliated with any

organization formally or informally organized for the purpose of opposing the construction of the nuclear power plant at Seabrook, New Hampshire, by the Public Service Company.

In 1975 the legislature enacted a new statute which strongly endorsed the position of granting bail pending appeal. Laws 1975, 275:1, effective August 5, 1975. This statute, RSA 597:1-a (Supp. 1975), reads as follows: "Bail Pending Appeal. Except for offenses punishable by death or for murder in the first degree where the proof is evident or the presumption is great, any person appealing a conviction shall be released pending an appeal on personal recognizance or be bailable by sufficient sureties as the court may require, unless there is a substantial risk that the person will not appear to answer the judgment following conclusion of the appellate proceedings, or that the person is likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice. In any case where release is denied pending appeal, the presiding justice shall provide for the record the reasons for such denial."

The new statute adopts the American Bar Association's Standards for Criminal Justice which were noted in *Petition of Streeter,* 112 N.H. 305, 306-07, 294 A.2d 385, 386 (1972); *see* ABA Standards Relating to Criminal Appeals §§ 2.3(b) and 2.5 (Approved draft 1970); ABA Standards Relating to the Function of the Trial Judge §§ 7.1-7.5 (Approved draft 1972).

The trial court noted that the defendant was "much more likely to attempt an escape or no show if liberated on bail than he was before sentencing". This finding does not substantiate the statutory requirement that there is "a substantial risk" that he will not appear to answer the judgment following conclusion of the appellate proceedings. *See Megantz v. Ash,* 412 F.2d 804 (1st Cir. 1969); Comment, *The Application of Criminal Contempt Procedures to Attorneys,* 64 J. Crim. L.C. & P.S. 300 (1973). Another factor to be considered is that the denial of bail pending appeal may make any appeal meaningless because defendant may have served his sentence before his appeal can be concluded. *State v. Slade,* 115 N.H. 224, 337 A.2d 536 (1975).

The defendant is to be released forthwith pending his appeal upon the furnishing of such reasonable bail as the superior court may determine.

*So ordered.*