Original
No. 7550

STATE OF NEW HAMPSHIRE

v.

JOHN M. MARINI

January 31, 1977

*David H. Souter,* attorney general, and *Richard B. Michaud,* attorney (*Mr. Michaud* orally), for the state.

*Maynard, Dunn & Phillips,* of Concord (*Mr. Vincent P. Dunn* orally) for the defendant.

KENISON, C.J.   This is an appeal from a denial of bail pending the appeal of the defendant's conviction. On June 26, 1976, the defendant was convicted of the possession of more than one thousand pounds of marijuana, making this offense a class B felony. RSA 318-B:26 I(c) (Supp. 1975). The Hillsborough County Superior Court sentenced the defendant to the maximum term of imprisonment for a class B felony, three-and-one-half to seven years in the New Hampshire State Prison. The defendant moved to stay execution of the sentence pending appeal and requested that a bond be permitted pending the appeal. RSA 597:1-a (Supp. 1975). The Trial Court (*Bois,* J.) denied the motion and refused to allow bail.

■■ Granting bail pending appeal is within the discretion of the trial court judge. *State v. Seeley,* 116 N.H. 57, 357 A.2d 870 (1976); *Moses v. Helgemoe,* 115 N.H. 672, 348 A.2d 354 (1975). This court will reverse the trial court's decision only on evidence of a compelling nature. *State v. Booton,* 114 N.H. 152, 317 A.2d 18 (1974); *State v. Hutton,* 107 N.H. 426, 223 A.2d 416 (1966). However, discretion must be exercised in accordance with the legislature's intention, as expressed in RSA 597:1-a (Supp. 1975), to strongly endorse granting bail pending appeal. *State v. Gross,* 116 N.H. 527, 363 A.2d 408 (1976). Except for certain very serious offenses, bail shall be granted "unless there is a substantial risk that the person will not appear to answer the judgment following conclusion of the appellate proceedings, or that the person is likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice." RSA 597:1-a (Supp. 1975).

■ The trial court's characterization of the defendant's appeal as frivolous and dilatory is, the defendant argues, erroneous and, in any event, not a permissible justification for denying bail under RSA 597:1-a (Supp. 1975). The appeal from the conviction has not yet reached this court. In the absence of any transcript of the trial we must presume, for the purposes of this appeal only, that the trial court's determination is correct. *State v. Seely,* 116 N.H. 57, 357 A.2d 870 (1976). The more important question is whether the chances of success on appeal and the purpose for which the appeal is taken are relevant factors that may be considered in determining whether to grant or deny bail pending appeal.

■■ The number of frivolous appeals has substantially increased in recent years causing considerable concern among courts, legislatures and practitioners. American Bar Association, Standards Relating to Criminal Appeals § 2.4 and Commentary (Approved Draft, 1970). In this state a party may be penalized for bringing a frivolous appeal. RSA 490:14-a (Supp. 1975). In the federal system, bail pending appeal may be denied if the appeal is frivolous or taken merely for delay. 18 U.S.C.A. § 3148 (Supp. 1976); *see In re Long Visitor,* 523 F.2d 443 (8th Cir. 1975); 28 U.S.C.A. § 1826 (Supp. 1976). The same is true in several states. American Bar Association *supra,* Commentary on Standard 2.3 (Approved Draft, 1970). We hold that the trial court did not err in considering, as one factor bearing on the question of bail, its

opinion as to the probable outcome of the defendant's appeal and the reasons for which the appeal was taken.

The trial court also denied bail because the defendant failed to demonstrate that bail was proper and right. RSA 597:1-a (Supp. 1975) grants the right to bail except under certain circumstances. The statute does not state upon whom rests the burden of proving the existence of those circumstances. The federal bail statutes, which are also silent on the issue of the burden of proof, are complemented by a federal rule which states: "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). Conviction of the defendant rebuts the prior presumption of innocence, and the defendant seeking bail pending appeal bears the burden of demonstrating, for example, that his conviction was tainted by error. 2 Wharton, Criminal Procedure § 319, at 197 (C. Torcia ed. 1975). We cannot say as a matter of law that the trial judge erred in placing the burden of proof on the defendant.

Finally, the trial court denied bail because "[i]n view of the crime charged, the conviction and the sentence just imposed, the defendant, in the Court's opinion is much more likely to attempt an escape or no show if liberated on bail than he was before sentencing." This finding is identical to the finding in *State v. Gross*, 116 N.H. 527, 363 A.2d 408 (1976). In that case we released the defendant holding that "[t]his finding does not substantiate the statutory requirement that there is 'a substantial risk' that [the defendant] will not appear to answer the judgment following conclusion of the appellate proceedings." *Id.* at 528, 363 A.2d at 409.

The nature of the crime charged, the length of the sentence imposed and the absence of ties between the state of New Hampshire and the defendant could support a finding of "substantial risk" if one were made. Our lack of familiarity with the trial proceedings, because the transcript is not before us, dictates that the case be remanded for a determination of whether the defendant has a right to bail under RSA 597:1-a (Supp. 1975).

*Remanded.*

BOIS and DOUGLAS, JJ., did not sit; the others concurred.