**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0202, <u>State of New Hampshire v. Michael Moraros</u>, the court on August 22, 2016, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Michael Moraros, appeals an order of the Superior Court (<u>O'Neill</u>, J.) denying his motion for bail pending his appeal of his convictions, following a jury trial, on charges of second degree assault, <u>see</u> RSA 631:2 (Supp. 2015), and simple assault, <u>see</u> RSA 631:2-a (2007). He contends that the trial court erred because: (1) prior to his trial, he was released on $4,000 cash bail and abided by his bail conditions; and (2) the trial court did not provide reasons for the denial, <u>see</u> RSA 597:1-a, V (2001).

RSA 597:1-a, III(a) (Supp. 2015) provides that a person found guilty of a felony who intends to appeal his conviction "shall . . . be detained, unless" he establishes: (1) "[b]y clear and convincing evidence . . . that [he] is not likely to fail to appear . . . or to pose a danger to himself . . . or to any other person or the community"; and (2) "[b]y a preponderance of the evidence that the appeal will not likely be frivolous or taken merely for delay." The trial court must consider the length of the sentence imposed and the nature of the crime. RSA 597:1-a, III(a)(1); <u>see</u> <u>State v. Blum</u>, 132 N.H. 396, 401-02 (1989).

Whether to grant bail pending an appeal rests in the trial court's discretion. <u>Moses v. Helgemoe</u>, 115 N.H. 672, 672 (1975). To show that the trial court's exercise of discretion was unsustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001). We will not disturb the trial court's decision "except on evidence of a compelling nature." <u>Moses</u>, 115 N.H. at 672.

For the purpose of this appeal, the State concedes that the defendant is not a flight risk and that his appeal of his convictions is not frivolous. However, the trial court denied bail pending the appeal because "the Defendant . . . failed to show by clear and convincing evidence that he does not pose a danger to the safety of another person in the community."

The defendant concedes that the night before the trial began he called the victim's home phone. Although the defendant described this as "inadvertent," the trial court was not obliged to accept his explanation. See State v. Carr, 167 N.H. 264, 275 (2015) (stating fact finder is free to reject any portion of a witness's testimony). The record supports that on the day the victim was to testify, the defendant moved his vehicle from where it was initially parked in the court house parking lot to a space next to her vehicle. Although the defendant argues that, a few days later, the victim parked a few spaces away from him, the trial court could have reasonably concluded that this did not affect the defendant's intention in parking next to her on the day she was to testify. Furthermore, the defendant was convicted of violent crimes. Thus, we cannot conclude that the trial court unsustainably exercised its discretion by denying the defendant bail pending his appeal. See Moses, 115 N.H. at 672.

The defendant argues that "New Hampshire law favors bail pending appeal." However, the cases he relies upon were decided under a prior statute, which provided that, generally, bail would be granted unless there was "a substantial risk that the person will not appear . . . , or that the person is likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice." State v. Marini, 117 N.H. 71, 73 (1977); see State v. Seeley, 116 N.H. 57, 57 (1976). The current statute is much more restrictive regarding the circumstances under which release pending appeal is allowed.

The defendant argues that the fact that he abided by his bail conditions prior to his conviction meets "the standard of clear and convincing evidence that he should be afforded bail pending his appeal." However, he does not cite, nor are we aware of, any authority for this proposition. The defendant argues that the denial of bail may render his appeal meaningless because "[w]hatever the outcome of [the] appeal is, [he] will likely have served half or more of his sentence by the time a decision i[s] rendered." However, the length of the sentence is only one factor that the trial court must consider. See Blum, 132 N.H. at 401; cf. State v. Gross, 116 N.H. 527, 527-28 (1976) (decided under prior statute and reversing denial of bail pending appeal when defendant was sentenced to three months' confinement for violating injunction prohibiting entry into Seabrook Nuclear Power Plant and was New Hampshire bar member, was regularly employed by New Hampshire Legal Assistance, had no criminal record, and was not affiliated with organization opposing construction of nuclear power plant).

To the extent that the defendant argues that the trial court's order does not sufficiently articulate the reasons for its denial, we conclude that this issue is not preserved for our review. The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. Super. Ct. R. Crim. 59-A(1); see N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). The record does not reflect that the

defendant apprised the trial court that he considered the explanation of its reasons for denial insufficient, either in connection with the trial court's initial denial of his request for bail following the verdict or its denial of his subsequent motion for bail.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**
