# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0458, <u>State of New Hampshire v. Andre J. Bergeron</u>, the court on December 22, 2016, issued the following order:**

The defendant's assented-to motion to stay bail review and for leave to file supplement following superior court proceedings is denied, without prejudice to his: (1) filing a new motion for bail pending appeal in the superior court, which shall have continuing original jurisdiction to decide the motion while this appeal is pending, <u>see</u> <u>Rautenberg v. Munnis</u>, 107 N.H. 446, 447-48 (1966); and (2) requesting leave of this court to raise new issues that may arise out of any such bail proceeding within the context of the present appeal. Processing of the present appeal shall proceed in the normal course.

Having considered the memoranda filed in response to our order of October 14, 2016, relative to bail, including the defendant's <u>pro</u> <u>se</u> reply memorandum, and the record provided on appeal, we conclude that oral argument is unnecessary to resolve the bail issue. We affirm the trial court's decision to grant the defendant bail pending appeal conditioned upon his provision of $3,000 cash or $15,000 corporate surety.

RSA 597:1-a (Supp. 2015) governs a request for bail pending appeal. It provides that, for a person who has been convicted of a felony and sentenced to imprisonment, bail is generally not available pending an appeal unless that person establishes certain statutory elements. RSA 597:1-a, III(a). If the person has been convicted of a misdemeanor and has been sentenced to a term of imprisonment, the statute provides that the person "shall, before the conclusion of [any] appellate proceeding, be released upon compliance with the provisions of RSA 597:2 [(Supp. 2015)]." RSA 597:1-a, IV. RSA 597:2, in turn, provides in part that if the trial court determines that release of the person will "endanger the safety of the person or of any other person or the community," it may condition release upon the person "[f]urnish[ing] bail for his appearance by recognizance with sufficient sureties or by deposit of moneys equal to the amount of the bail required as the court . . . may direct." RSA 597:2, III(b)(2).

In this case, the defendant, Andre J. Bergeron, was convicted of two felony counts of receiving stolen property and two misdemeanor counts of fraudulent use of a credit card. At sentencing, the State introduced evidence that, since 2011, he had been convicted at least ten times for various crimes, including theft by unauthorized taking, receiving stolen property, criminal trespass, criminal mischief, simple assault, false public alarm, and criminal

contempt, and that he had been found to have violated the terms of his probation.  It represented that, during that period, he had served at least twenty-four months plus 170 days in the House of Corrections, and that he had committed the crimes in this case while he was subject to a suspended sentence.  The Trial Court (Bornstein, J.) sentenced the defendant to consecutive stand-committed twelve-month House of Corrections sentences on the misdemeanor convictions, and to consecutive three-and-a-half to seven year state prison sentences, deferred for seven years, on the felony convictions.

After the trial court imposed the sentences, the defendant requested bail pending appeal.  He argued that he was not a flight risk, that he had voluntarily turned himself in to law enforcement at the outset of the case, that he had been granted $10,000 personal recognizance bail prior to trial, and that he had not violated the terms of his bail.  He requested personal recognizance bail of $20,000.  The State objected, arguing that, based upon his criminal record, the defendant is a danger to the community.

The trial court granted the defendant's request for bail, ruling that, because the felony sentences were not stand-committed, RSA 597:1-a, III did not apply, and that, pursuant to RSA 597:1-a, IV, he was entitled to be released pending his appeal upon his compliance with RSA 597:2.  Because the parties do not challenge this interpretation of RSA 597:1-a, we assume that it is correct.  The trial court also found, however, that in light of the defendant's criminal history, he posed a significant danger to the community absent "some amount of cash or corporate surety component."  Thus, the trial court conditioned bail upon the provision of $15,000 cash or corporate surety.  On reconsideration, the trial court reduced the cash component to $3,000.

On appeal, the defendant argues that the trial court erred by not granting his request for $20,000 personal recognizance bail because it had released him, prior to trial, on $10,000 personal recognizance bail, because he will likely have served a considerable amount of his sentence by the time this appeal is resolved, and because his deferred sentences carried a condition of good behavior "which will serve as a further deterrent."

Whether to grant bail pending an appeal is a matter within the trial court's sound discretion.  State v. Marini, 117 N.H. 71, 73 (1977).  We will reverse the trial court's decision only on compelling evidence.  Id.  Here, the undisputed evidence establishes that the defendant committed a substantial number of crimes during the five years prior to the sentencing hearing, that he had served a significant amount of time in the House of Corrections, and that he was subject to a suspended sentence when he committed the crimes that are the subject of this appeal.  Under these circumstances, the trial court's determination that, absent a cash or corporate surety component to bail, the defendant would be a danger to the community was well supported by the evidence.  Moreover, we note that in his motion for reconsideration, the

defendant requested, in the alternative, that the trial court lower the cash or corporate surety amount to $1,300.  We conclude that the trial court was well within its discretion to condition bail pending appeal upon the provision of $3,000 cash or $15,000 corporate surety pursuant to RSA 597:2, III(b)(2).

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3