Belknap
No. 6888

STATE OF NEW HAMPSHIRE

v.

JOHN KEYES

July 19, 1974

*Warren B. Rudman,* attorney general, and *Gregory H. Smith,* assistant attorney general *(Mr. Smith* orally), for the State.

*Hatfield & Howard* and *Robert R. Howard (Mr. Howard* orally) for the defendant.

DUNCAN, J. Indictment charging that on December 21, 1971, the defendant did willfully and maliciously burn the Tilton town hall. RSA 584:2. Trial by jury in June 1973, resulted in a verdict of guilty and he was sentenced to a term of five years at the State prison. During the course of the trial, defendant preserved various exceptions which were transferred to this court by a bill of exceptions allowed by *Loughlin,* J.

The principal issue raised before this court surrounds the admission at trial of testimony of Kenneth Viano, an acquaintance of the defendant. Prior to Keyes' trial, Viano had been found not guilty of the same crime by reason of insanity and was committed to the New Hampshire State Prison for life "unless sooner discharged".

Dr. Payson, a psychiatrist associated with the prison, examined Viano and testified at the trial of the present case relative to Viano's competency. Questioned by the county attorney, Dr. Payson stated that Viano "is in contact with reality, he's able to organize his thoughts and express them clearly and understandably." However, when asked by defense counsel whether he thought Viano "would feel a moral compulsion to tell the truth under oath", Dr. Payson responded in the negative and further stated that he would not accept Viano's testimony if he (Dr. Payson) were a member of the jury.

The court ruled as follows on the defendant's objection to Viano's competency as a witness: "New Hampshire ... is a singular jurisdiction ... [in] that they leave the matter of competency to the jury to decide and I'll instruct them during the court's instructions, and that is *State v. Jones,* 50 N.H. [369 (1871)]".

The defendant makes a two-pronged argument that the testimony of Viano was improperly admitted. First, he argues that the court's refusal to rule when the question of the competency of the witness to testify was raised by the defendant was itself error. Second, he contends that Viano was disqualified as a matter of law by the testimony of Dr. Payson that Viano would feel no moral compulsion to tell the truth under oath, particularly when Viano admitted that he knew he might benefit personally by achiev-

ing early release from prison if he cooperated with the prosecution. In our view the defendant is correct as to the first of these propositions and is entitled to a new trial.

It is universally held that when the question of competency of a witness to testify is raised at trial, the determination, as in other instances where admissibility of evidence is in question, is for the trial judge alone. "The competency of the witness to testify before the jury is a threshhold question of law committed to the trial court's discretion. It remains for the jury, of course, to assess the credibility of the witness and the weight to be given to [his] testimony." *United States v. Benn,* 476 F.2d 1127, 1130 (D.C. Cir. 1973); *Goy v. Director General,* 79 N.H. 512, 111 A. 855 (1920); *State v. Sawtelle,* 66 N.H. 488, 502, 32 A. 831, 833 (1891); *Day v. Day,* 56 N.H. 316 (1876); *State v. Manning,* 162 Conn. 112, 291 A.2d 750 (1971); C. McCormick, Evidence §§ 62, 70 (2d ed. 1972); 2 F. Wharton, Criminal Evidence § 360 (13th ed. 1972); 2 J. Wigmore, Evidence § 487 (1940); Juviler, *Psychiatric Opinions as to Credibility of Witnesses,* 48 Calif. L. Rev. 648 (1960). Thus Professor Wigmore has stated that it is "improper practice for the judge to leave the testimony provisionally to the jury, to be rejected by them if found ineligible according to the legal standard; the jury have nothing to do with preliminary questions of admissibility." 2 J. Wigmore, Evidence § 497 (1940) (footnotes omitted).

*State v. Tetrault,* 78 N.H. 14, 95 A. 669 (1915), was a prosecution for statutory rape where the defendant excepted to the trial court's admission of testimony of the prosecutrix, a "feeble minded" girl. In upholding the ruling that she was competent, this court said that "[t]he question of her mental capacity was one of fact to be decided by the presiding justice". *Id.* at 15, 95 A. at 670.

*State v. Jones,* 50 N.H. 369 (1871), cited by the trial court in his ruling, is inapposite to the question of competency of a witness. The court held that whether the acts of the defendant charged with murder were the product of mental disease at the time he committed them was a question for the jury. The issue was one of culpability, rather than competency to testify.

We cannot accept the state's contention that the "trial judge ruled that this witness was competent to testify . . . ." It is true that the court denied the defendant's motion, made at the conclusion of Dr. Payson's testimony, to disqualify Viano as a witness. However as noted above, the court had previously stated his purpose to "leave the matter of competency to the jury to decide"; and in submitting the case to the jury the court later charged: "You are to decide whether or not [Mr. Viano] is legally or was legally competent to testify here in court today relative to the alleged crime". Thus it is apparent that in denying defendant's motion, the court acted under a misapprehension of the purport of *State v. Jones supra.* The question in the case at bar was not whether what the witness had done was the result of mental illness but whether mental illness would prevent him from observing and recalling what was done, or from recounting the same in a truthful manner.

The modern standard for determination of competency of a witness, has been succinctly stated: "Competency depends on the witness' capacity to observe, remember and narrate as well as an understanding of the duty to tell the truth." *United States v. Benn,* 476 F.2d 1127, 1130 (D.C. Cir. 1973); *State v. Manning,* 162 Conn. 112, 291 A.2d 750 (1971); Model Code of Evidence rule 101 (1942); 2 F. Wharton, Criminal Evidence §§ 372-73 (13th ed. 1972).

Under early standards, it was held that "[a] man is competent to testify who believes in the existence of God, and that divine punishment, either in this life or in the life to come, will be the consequence of perjury." *Free v. Buckingham,* 59 N.H. 219, 225 (1879); *see Norton v. Ladd,* 4 N.H. 444 (1828). But, as RSA 516:20 indicates, the religious nature of the traditional oath requirement was later so limited as to allow a witness to qualify on a simple affirmation. *See* 2 F. Wharton, Criminal Evidence § 367 (13th ed. 1972); Note, *Competency of the Mentally Incompetent,* 32 S. Cal. L. Rev. 65 (1958). Similarly, although at one time an insane person was incompetent to testify, the present rule is that one who is insane is not per se disqualified, but may testify if the trial judge finds he meets the basic standards set out above. Note, *Competency of the Mentally Incompetent,* 32 S.

Cal. L. Rev. 65 (1958); Note, *The Mentally Abnormal Witness: Challenges to his Competency and Credibility,* 13 Rutgers L. Rev. 330 (1958).

Applying the test of competency to the facts presented by the record in the present case, it appears to us from the uncontroverted testimony of Dr. Payson that the conclusion that Viano was a competent witness was not compelled as a matter of law. If the trial court was not satisfied that Viano felt an obligation to tell the truth under oath, he should have been disqualified as a witness under applicable standards or his testimony should have been stricken. His testimony that the defendant had accompanied him and assisted him in the commission of the crime was so prejudicial to the defendant that its admission in the absence. of a finding by the court that he was competent cannot be said to constitute harmless error. *Cf. State v. Bell,* 112 N.H. 444, 449, 298 A.2d 753, 757 (1972).

*Exceptions sustained; new trial.*

All concurred.