Coos
No. 7793

STATE OF NEW HAMPSHIRE

v.

HOWARD D. SCOTT

December 2, 1977

*David H. Souter,* attorney general, and *Richard B. McNamara,* assistant attorney general (*Mr. McNamara* orally), for the state.

*Raymond K. Clement,* of Groveton, by brief and orally, for the defendant.

GRIMES, J. ██ The issue in this case is whether a male commits an aggravated felonious sexual assault under RSA 632-A:2 (Supp. 1975) if he forces a female to commit the act of fellatio upon him. We hold that he does.

Defendant was indicted for aggravated felonious sexual assault by engaging in sexual penetration of a fifteen-year-old female by forcing her to commit the act of fellatio upon him. He moved for

dismissal on the grounds that there was no "sexual contact" or "sexual penetration" as defined by RSA 632-A:1 IV, V. The motion was denied and defendant's exceptions were transferred by *Dunfey,* J.

Aggravated felonious sexual assault is defined by RSA 632-A:2 (Supp. 1975) as follows:

> A person is guilty of class A felony if he engages in sexual penetration with another person under any of the following circumstances . . . .

One of the circumstances is overcoming the victim through force or violence.

"Sexual penetration" is defined by RSA 632-A:1 V (Supp. 1975) as follows:

> "Sexual penetration" means sexual intercourse, cunnilingus, fellatio, anal intercourse or any intrusion, however slight, of any part of the actor's body or any object manipulated by the actor into the genital or anal openings of the victim's body.

Defendant contends that although "fellatio" is specifically included it does not include the act committed by the defendant because of the latter part of the definition "or any intrusion, however slight, of any part of the actor's body or any object manipulated by the actor into the genital or anal openings of the victim's body." He argues that because no part of his body is alleged to have intruded into the genital or anal openings of the victim, his act is not included. He contends that "fellatio" as used in the statute can apply to the act between a male and a female only when the female is the "actor." We reject this contention.

■ The latter part of the statute relied on by defendant to modify the express language of the first part clearly relates to acts not otherwise covered and was not intended to limit sexual penetration to the genital or anal openings of the victim. It was intended to cover the intrusion of other parts of the body not included in the specific acts enumerated in the first part of the definition and to also include "objects" other than parts of the actor's body. It is to these acts and these acts only that the limitation to the "genital and anal" openings apply.

■ "Sexual contact" as defined in RSA 632-A:1 IV (Supp. 1975) is not a necessary element of the crime with which defend-

ant is charged as defendant contends but is included only in sections 3 and 4 which define offenses separate from the one here involved.

This construction is consistent with RSA 625:3, providing that strict construction shall not apply but rather all provisions "shall be construed according to the fair import of their terms and to promote justice," as well as RSA 21:2. *See State v. Bill,* 115 N.H. 605, 347 A.2d 445 (1975); *State v. Partlow,* 117 N.H. 78, 81, 369 A.2d 221, 223 (1977). Any other construction would lead to an absurd result. *State v. Slayton,* 116 N.H. 613, 615, 367 A.2d 575, 577 (1976).

*Exception overruled.*

LAMPRON, J., did not participate in the decision of this case; the others concurred.