Hillsborough
No. 79-214

THE STATE OF NEW HAMPSHIRE

v.

HARRY ST. JOHN

January 31, 1980

*Thomas D. Rath*, attorney general (*Deborah J. Cooper*, assistant attorney general, orally), for the State.

*Cathy J. Green*, of Manchester, by brief and orally, for the defendant.

PER CURIAM. The issues in this aggravated felonious sexual assault case are whether the trial court abused its discretion by finding the six-year-old victim competent to testify as a witness and whether the evidence was sufficient to prove penetration. We uphold the conviction.

The defendant was indicted for aggravated felonious sexual assault by engaging in sexual penetration in the form of fellatio with a six-year-old female. During the course of the trial, the court found the victim competent to testify. The defendant was convicted by a jury, and his motion to set aside the verdict was denied. The defendant's exceptions were transferred by *Flynn*, J.

The defendant first argues that the trial court erred in permitting the victim to testify regarding the alleged offense. He acknowledges, as we have held, that "[c]ompetency depends upon the witness' capacity to observe, remember and narrate as well as an understanding of the duty to tell the truth." *State v. Keyes*, 114 N.H. 487, 490, 322 A.2d 615, 617 (1974), *quoting United States v. Benn*, 476 F.2d 1127, 1130 (D.C. Cir. 1973). The defendant argues, however, that the victim fails to meet either requirement.

The question of competency is a matter for the trial court to determine. *State v. Keyes*, 114 N.H. 487, 322 A.2d 615 (1974). Absent an abuse of discretion, where there is record evidence to support the court's determination of competency, its findings will be respected

here. *State v. Tetrault*, 78 N.H. 14, 95 A. 669 (1915); *see State v. Boisvert*, 119 N.H. 174, 400 A.2d 48 (1979).

The trial court conducted a careful inquiry regarding both factors. The witness stated that it was good to tell the truth and demonstrated that she knew the difference between a lie and the truth. One example she gave was that if she did not go to school but told her mother that she did, it would be a lie. She stated that if she told a lie, she would get a licking. When asked whether it would be the truth or a lie if she made up a story about something which really did not happen, she responded, "a lie." She said that she would not tell the jury a lie.

In some of her examples, she phrased her answers in the following way. "[I]f you have a friend, and you don't, that is a lie," thus omitting the word "say". The trial court was entitled to find, however, that the child could understand the meaning of a lie although she failed to use the word "say." The evidence supports the finding that the child understood her duty to tell the truth.

The victim also testified concerning her activities in kindergarten, the name of her teacher for the previous year, the name of defense counsel and when they had previously met. She also recited the names of her babysitter and the babysitter's friends. Her testimony regarding the facts which form the basis for the charge was consistent with her previous description in her deposition. The fact that she may have misjudged the lapse of time on occasions and was unsure of certain facts, such as who was in the house at the time of the events, did not require the trial court to find her incompetent to testify.

The defendant makes much of the fact that the victim, when asked about Easter, said that that was the time when the Easter Bunny comes and brings her eggs. He claims that this testimony shows unreliability as to recollection. That there might not be an Easter Bunny, however, does not in any way reflect on the ability of the victim, who undoubtedly had been told that the Easter Bunny leaves eggs, to recall events. Rather, it demonstrates her ability to recall events and to associate them with specific holidays.

Further recitation of the evidence would serve no useful purpose. The trial court observed the witness' demeanor and heard her testimony. We hold that the finding of competency was supported by the record.

The defendant next argues that there was not sufficient evidence adduced at the trial to prove penetration of the victim beyond a reasonable doubt. He argues that the testimony of the victim describing the act was inadequate to support a finding of penetration and that reversal is therefore required.

The State concedes that penetration is an essential element of the crime with which the defendant is charged. RSA 632-A:2 (Supp. 1977); *State v. Scott*, 117 N.H. 996, 380 A.2d 1092 (1977). The trial judge clearly and fully instructed the jury as to this requirement, making it clear that "mere contact, however, without oral penetration or placement of the penis in the mouth would not be sufficient . . . ."

■ In weighing the defendant's exception to the sufficiency of the evidence, our task is to determine whether there was record evidence which could reasonably support a finding of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 99 S. Ct. 2781, 2789 (1979). In so doing, we must view the evidence, and any reasonable inferences which may be drawn from it, in the light most favorable to the State. *Id.; State v. Belkner*, 117 N.H. 462, 472, 374 A.2d 938, 944 (1977). Upon doing so, we conclude that the evidence was sufficient to support a finding of penetration.

■ We believe that the jury could reasonably have concluded from the victim's detailed testimony that there was penetration of the victim's mouth by the defendant's penis. This is supported by her statements to her babysitter which clearly described penetration. Penetration, however slight, is sufficient to consummate the offense. RSA 632-A:1 V (Supp. 1977); see 70 AM. JUR. 2d *Sodomy* § 5 (1973); Annot., 76 A.L.R.3d 163 (1977). In sum, we hold that there was sufficient evidence from which a reasonable jury could find penetration of the victim's mouth by the defendant's sexual organ.

*Exceptions overruled.*