Strafford
No. 80-115

THE STATE OF NEW HAMPSHIRE

v.

KARL B. VONKLOCK

August 10, 1981

*Gregory H. Smith*, attorney general (*Martha V. Gordon*, attorney, on the brief and orally), for the State.

*Kalil & Reams*, of Northwood (*James M. Reams* on the brief and orally), for the defendant.

BROCK, J.  In this criminal case the defendant, a licensed psychologist, was charged with committing aggravated felonious sexual assault while counseling one of his patients, RSA 632-A:2 VII (Supp. 1979). A trial by jury in the Strafford County Superior Court (*Mullavey*, J.) resulted in a verdict of guilty on the lesser-included offense of sexual assault, RSA 632-A:4 (Supp. 1979).

On this appeal, the defendant alleges that the trial court committed reversible error when it denied his motion to dismiss at the close of the State's case because the State had failed to prove either sexual penetration or that the defendant was engaged in medically treating the victim at the time of the assault. In addition, the defendant also challenges the propriety of the trial court's decision to charge the jury on the lesser-included offense and claims that the trial court erred by failing to inquire into the fourteen-year-old victim's competency to testify. We affirm.

During the 1977–1978 school year, Dr. vonKlock was employed as a school psychologist. The victim, a fourteen-year-old boy, attended the school's special education classes because he was thought to be suffering emotional problems. In his capacity as the school psychologist, the defendant had weekly counseling sessions with the victim during the school year. Later in the summer of 1978, the victim began seeing the defendant as a private patient on a weekly basis. These counseling sessions took place at the defendant's cottage on Bow Lake. On or about August 16, 1978, during one of these sessions, the defendant asked the victim to come into his bedroom. When they were both in the bedroom, the defendant took off his pants; he was not wearing any underwear. At this point, the defendant lay on the bed with the victim, began to rub the victim's abdomen and legs and eventually removed the victim's pants. Once the victim's pants were removed, the defendant masturbated the victim and then committed fellatio on him.

The defendant's first argument is that the trial court erred in not dismissing the charges against him because the State failed to prove "sexual penetration." The defendant first moved to dismiss at the close of the State's case, at which time the court denied the motion. Later, at the close of the defendant's case, the prosecutor agreed that sexual penetration had not been established and requested a charge on the lesser-included offense of sexual assault, RSA 632-A:4 (Supp. 1979).

■ Under RSA 632-A:2 (Supp. 1979) "[a] person is guilty of a class A felony if he engages in *sexual penetration* with another person . . ." under a variety of situations set forth in the statute. "Sexual penetration" is defined in RSA 632-A:1 V (Supp. 1979), which states:

> " '[s]exual penetration' means sexual *intercourse*, cunnilingus, *fellatio* . . . *or* any intrusion . . . of any part of the actor's body . . . into the genital or anal openings of the victim's body."

(Emphasis added.) At trial, during the State's case, the victim clearly testified that the defendant "placed my penis in his mouth." It is apparent that the victim was describing an act of fellatio which is included in the statutory definition of sexual penetration set forth above. RSA 632-A:1 V (Supp. 1979). If the victim is forced to commit fellatio upon the defendant or the defendant performs the act upon the victim, the act falls within the statutory definition of sexual penetration. *State v. Scott*, 117 N.H. 996, 997, 380 A.2d 1092, 1093 (1977); *see Pruett v. State*, 463 S.W.2d 191 (Tex. Crim. 1970). Accordingly, the defendant has little reason to complain that the felony charge against him was dropped at the request of the prosecutor and that only the misdemeanor charge was submitted for the jury's consideration.

The defendant's next argument is that all charges against him should have been dismissed at the close of the State's evidence because there was no evidence presented that he was an "actor engage[d] in the medical treatment or examination of the victim in a manner or for purposes which are not medically recognized as ethical or acceptable," RSA 632-A:2 VII (Supp. 1979), at the time of the incident. In urging this argument, the defendant points out that he is a psychologist, not a medical doctor, and that there was no expert testimony to prove what type of conduct is medically unethical or unacceptable.

In ruling that the defendant's argument that he was not engaged in the medical treatment or examination of the victim is without merit, we are mindful of the definition for practicing medicine, adopted by our legislature in RSA 329:1.

> "Any person shall be regarded as practicing medicine . . .
> who shall diagnose, operate on, prescribe for or *otherwise*
> treat *any human ailment*, physical or *mental*."

RSA 329:1. (Emphasis added.)

■ The language of RSA 632-A:2 VII (Supp. 1979) does not limit its application to physicians and surgeons under RSA ch. 329. In so ruling, we hold that RSA 632-A:2 VII requires only that the actor be "engage[d] in the medical treatment or examination of the victim . . . ." Suffice it to say that there was ample evidence presented to the jury from which it could reasonably conclude that the defendant was engaged in the medical treatment or examination of the victim in this case. It was clearly not error for the trial court to deny the defendant's motion to dismiss to the extent that it was based on this argument.

■ The defendant's claim that there was no evidence concern-

ing his status or the accepted professional standards for treating patients is also without merit. The victim testified, in effect, that the defendant held himself out as a psychologist, and another psychologist testified as to the professional propriety, or lack thereof, of the acts complained of in this case.

The defendant's next argument is that the trial court erred in ruling that sexual assault, RSA 632-A:4 (Supp. 1979), was a lesser-included offense and in so instructing the jury. The aggravated felonious sexual assault charge, RSA 632-A:2 VII (Supp. 1979), was dropped by the prosecution although, for the reasons previously discussed, it would have been permissible for that charge to go to the jury.

██ A lesser-included offense is one which "must necessarily be included in the greater . . ." offense. *State v. O'Brien*, 114 N.H. 233, 235–36, 317 A.2d 783, 784 (1974). It is the defendant's contention that sexual assault, RSA 632-A:4 (Supp. 1979), is not a lesser-included offense of aggravated felonious sexual assault, RSA 632-A:2 (Supp. 1979). Therefore the question becomes whether a person must necessarily commit the crime of sexual assault before he can commit aggravated felonious sexual assault. The distinguishing feature between the two crimes is that a person must commit "sexual penetration," RSA 632-A:1 V (Supp. 1979), to be guilty of aggravated felonious sexual assault, RSA 632-A:2 (Supp. 1979), but to be guilty of sexual assault, RSA 632-A:4 (Supp. 1979), he need only commit sexual contact under circumstances set forth in RSA 632-A:2 (Supp. 1979). The defendant does not challenge the trial court's instruction that at the time of the offense "sexual contact" was defined as "the intentional touching of another's sexual or intimate parts." The legislature has since changed this definition. *See* RSA 632-A:1 IV (Supp. 1979). Notwithstanding the defendant's strenuous arguments to the contrary, we are unaware of any means by which a person could commit sexual penetration without first engaging in sexual contact. "[T]he State is entitled to have the lesser included offense instruction submitted to the jury if the evidence justifies it." *State v. Howland*, 119 N.H. 413, 416, 402 A.2d 188, 191 (1979). Accordingly, we hold that the trial court did not err in charging the jury on the lesser-included offense of sexual assault.

██ ██ The defendant's final argument is that the trial court could not, as a matter of law, determine that the fourteen-year-old victim was competent to testify because no examination of the victim was undertaken by the court. We disagree.

Although the victim did not testify at the hearing to determine

his competency to testify, the State did produce a child psychiatrist who testified as to the boy's emotional health and ability to testify. No claim has been made that the child psychiatrist's testimony was insufficient; rather, the defense claims that the court must personally conduct its own examination of the victim in such cases. Only recently, we stated that "[a]bsent an abuse of discretion, where there is record evidence to support the court's determination of competency, its finding will be respected here." *State v. St. John*, 120 N.H. 61, 62–63, 410 A.2d 1126, 1127 (1980). In this case, there is record evidence to support the court's determination, and we note that counsel, although given an opportunity to do so, declined to call and examine the victim himself.

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.