Strafford
No. 88-435

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL BLUM

November 16, 1989

*John P. Arnold,* attorney general (*Jeffrey R. Howard,* deputy attorney general, on the brief, and *Robert P. Cheney, Jr.,* associate attorney general, orally), for the State.

*James E. Duggan,* appellate defender, and *Joanne Green,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

BATCHELDER, J. After a jury trial in Superior Court (*Nadeau,* J.), the defendant, Michael Blum, was convicted of felonious sexual assault, RSA 632-A:3, and aggravated felonious sexual assault, RSA 632-A:2. On appeal the defendant requests that this court set aside the convictions because the trial court erred in allowing the prosecution but not the defense to conduct *voir dire* of a witness at the competency hearing. Additionally, the defendant argues that the trial court erred in applying the wrong standard in determining whether or not bail pending appeal was appropriate. For the following reasons, we affirm the convictions.

Michael Blum was indicted on February 18, 1988, and March 17, 1988, for felonious sexual assault and aggravated felonious sexual assault, respectively, on his four-year-old stepdaughter. The trial record establishes that on December 19, 1987, the defendant's estranged wife had left the victim and one other child in the sole custody of the defendant while she attended a company Christmas party. That evening the defendant engaged in cunnilingus on the victim, as well as rubbed his penis against her feet.

Pursuant to the defendant's motion, a competency hearing was held to determine whether the victim was competent to testify at trial. At the competency hearing, the trial court allowed the prosecution to open the *voir dire* of the victim. After lengthy examination by the prosecution, the trial court halted the *voir dire*. The trial court stated:

> "I'm satisfied, from the questions and answers here, that this is a typical five-year-old, that she knows the difference between telling the truth and telling a lie, that she has a memory suitable to her age, and that she has an ability to recollect and recall suitable to her age, and that the weight that the jury's going to give to that testimony is always subject to cross-examination and to argument. But I find that she is a competent five-year-old to be a witness in this case."

Consequently, the defendant was denied an opportunity to cross-examine the victim. The trial court reasoned it need only satisfy itself that the victim was competent, and under the circumstances, cross-examination was not required nor was it to be encouraged.

On September 14, 1988, with the aid of the victim's testimony, the jury found the defendant guilty of both offenses. Following the jury trial, a hearing was held on the defendant's motion for bail pending appeal. At the conclusion of that hearing, the Trial Court (*Nadeau*, J.) ruled that the defendant was ineligible for bail. The trial court stated that the defendant failed to establish by clear and convincing evidence that he did not pose any danger to himself, or others in the community, or that he was not likely to flee upon release. The court also concluded that the defendant failed to meet the burden of showing, by the preponderance of the evidence, that his appeal was not frivolous or taken merely for delay. The court interpreted the term "frivolous" to mean without a serious likelihood of prevailing.

 The determination of whether a witness is competent to testify is a question solely for the trial court. *State v. Keyes*, 114 N.H. 487, 489, 322 A.2d 615, 617 (1974). "The competency of the witness to testify before the jury is a threshhold (sic) question of law committed to the trial court's discretion. It remains for the jury, of course, to assess the credibility of the witness and the weight to be given to [his] testimony." *Id.* (quoting *United States v. Benn*, 476 F.2d 1127, 1130 (D.C. Cir. 1973)). In making the determination of competency, the trial court may itself conduct *voir dire* of the witness, *State v. St. John*, 120 N.H. 61, 62–63, 410 A.2d 1126, 1127 (1980), or in the alternative, may allow both parties to participate. Where there is a record to support the trial court's determination of competency, we will not disturb that determination absent an abuse of discretion. *State v. vonKlock*, 121 N.H. 697, 702, 433 A.2d 1299, 1303 (1981); *State v. St. John, supra* at 62–63, 410 A.2d at 1127.

 The defendant argues that the trial court erred in allowing the prosecution but not the defense to conduct *voir dire* of the witness. We disagree. The questions asked by the prosecution were of the type commonly asked by the court itself, intended to elicit responses necessary to establish competency. While many of the questions went to the merits of the case, the bulk of the questions were routine, directed at the witness' "capacity to observe, remember and narrate as well as an understanding of the duty to tell the truth." *State v. St. John, supra* at 62, 410 A.2d at 1127 (quoting *State v. Keyes, supra* at 490, 322 A.2d at 617). To find error under these circumstances would be to elevate form over substance. *Commonwealth v. Massey*, 523 N.E.2d 781, 782 (Mass. 1988). A better rule for witnesses of tender years would dictate that *voir dire* be conducted solely by the court. However, we are not prepared to find that allowing one party, but not both, to conduct *voir dire* of the witness amounts to error, absent a showing of actual prejudice. *Id.* at 782.

 Turning to the record, it is clear that the witness was competent to testify. The witness was asked, and responded clearly to, questions about past events and recent occurrences. Questions as to truth and untruth established the witness' appreciation for the importance of telling the truth. Nothing in the record supports a finding to the contrary. Moreover, the record fails to disclose actual prejudice suffered by the defendant. Accordingly, we will not disturb the trial court's finding of competency.

█ The second issue raised by the defendant is whether the trial court employed the wrong legal standard in determining that bail pending appeal was inappropriate, an issue which is now moot. However, mootness does not always act as a bar to appellate review. *Kenneth E. Curran, Inc. v. Auclair Transp., Inc.*, 128 N.H. 743, 747, 519 A.2d 280, 283 (1986). An exception exists, as is the case here, where the issue is likely to arise in the future, it then being equally susceptible to mootness. *Id.* at 747, 519 A.2d at 283.

The statute controlling bail pending appeal is RSA 597:1-a, III (Supp. 1988). It states, in pertinent part:

"III. The court shall order that a person who has been found guilty of a felony and sentenced to a term of imprisonment and who has filed an appeal be detained, unless the person establishes and the court finds:

(a) By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of the person or to any other person or the community if released pursuant to RSA 597:6-a, II or III. The court shall consider, but not be limited to the following criteria in determining whether bail is proper under the circumstances:

(1) Whether the person is likely to pose a danger to himself or to any other person or the community, intimidate witnesses, or otherwise interfere with the administration of justice.

(2) Whether there is a substantial risk that the person will not appear to answer the judgment following the conclusion of the appellate proceeding.

(3) The nature of the crime charged.

(4) The length of the sentence imposed.

(b) By a preponderance of the evidence that the appeal is not frivolous or taken merely for delay."

This statute, known as the Bail Reform Act, was enacted under Laws 1988, chapter 110. The bill, as initially drafted, was identical to Section 3143 of the Federal Bail Reform Act. 18 U.S.C. § 3141 *et seq.* (Supp. 1984). Subsequent amendments to the bill, prior to enactment, modified the law to its current form. *Compare* RSA 597:1-a (Supp. 1988) *with* 18 U.S.C. § 3143 *et seq.* (Supp. 1984).

At trial, the court applied RSA 597:1-a (Supp. 1988), weighing such factors as the length of the sentence given the defendant as well as the merits of his appeal. In denying the defendant's motion for bail, the trial court interpreted the term "frivolous" to mean,

in the context of this case, an appeal that did not have a serious likelihood of prevailing. We would formulate the test differently.

The word "frivolous" is defined as "of little weight or importance; having no basis in law or fact." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 913 (1961). Other jurisdictions that have reached this issue have interpreted the term "frivolous" similarly. In *Castle v. State*, 388 So. 2d 583 (Fla. App. 1980), the court held that an appeal is in good faith and not frivolous if it "was not vexatious and the defendant has assigned errors open to debate and about which reasonable questions exist." *Id.* at 582 (citing *Baker v. State*, 213 So. 2d 285, 287 (Fla. 4th Dist. Ct. App. 1968)); *see, e.g., In re Podesto*, 127 Cal. Rptr. 97, 106, 544 P.2d 1297, 1306 (1976) (focus should not be on whether the appeal will be meritorious but on whether it is baseless) (citing *Ward v. United States*, 76 S. Ct. 1063, 1065 (1956)); *Bailey v. State*, 352 A.2d 411, 413 (Del. 1976) (defendant must show reasonable ground to believe there was error in the record which might require a reversal, or there was an important question of substantive law) (citing 11 Del. C. § 4502), *cert. denied*, 429 U.S. 1072 (1977).

It is unrealistic to place the trial court in the position of determining whether a defendant's appeal has a serious likelihood of prevailing. It is doubtful that any trial court would rule that its conduct, in the first instance, was sufficiently suspect to warrant a finding that there is a serious likelihood of reversal. We hold that an appeal is not frivolous where there exist reasonable grounds to argue that the record contains assignable error, the type of which may result in reversal. We hereby modify the rule in *State v. Marini*, 117 N.H. 71, 369 A.2d 202 (1977), by requiring the trial court, in deciding whether an appeal is frivolous, to consider the outcome of the defendant's appeal only to the extent necessary to determine whether the appeal may result in reversal. *Id.* at 73–74, 369 A.2d at 204. The defendant need not show, by the preponderance of the evidence, that there is a serious likelihood that the appeal will prevail. Placing the burden upon the defendant is justified in that the conviction rebuts the prior presumption of innocence. *Id.* at 74, 369 A.2d at 204.

This ruling does not, in any way, imply that where the defendant's appeal is not frivolous, bail should be granted. In addition to considering whether the defendant's appeal is frivolous or merely taken for delay, the trial court must consider the danger to the community and the likelihood defendant will flee. RSA 597: 1-a, III (Supp. 1988). The trial court must also consider the length

of sentence imposed. However, length of sentence alone is not justification for denying bail pending appeal. All the criteria listed in RSA 597:1-a, III (Supp. 1988) must be weighed in making the determination.

*Affirmed.*

All concurred.