NORTHCUTT, Judge.
On appeal, Tampa Brass & Aluminum Corporation seeks review of the circuit court’s order granting a new trial. On cross-appeal, American Employers’ Insurance Company challenges the portion of that same order denying its motion for judgment in accordance with a motion for directed verdict it made at trial. We affirm.
In its motion for new trial, American Employers contended that the court had erroneously excluded the testimony of a key witness on the ground that he did not have the ability to understand his duty to tell the truth. See § 90.603(2), Fla. Stat. (1993) (“[a] person is disqualified to testify as a witness when the court determines that the person is: ... (2) Incapable of understanding the duty of a witness to tell the truth.”) The record amply supported the trial court’s conclusion that this witness was an inveterate liar. He admitted that he had peijured himself during a deposition. He stated that he usually told people what they wanted to hear and that he would give the answer that would best benefit his cause. But the fact that a person has a predilection for lying does not prove that he is incapable of understanding a witness’s duty to tell the truth. In this regard we note that the Florida Evidence Code previously contained a provision that declared a convicted perjurer incompetent to testify, but that section has been repealed. See § 90.07, Fla. Stat. (1969). The repeal of the section implies that the trial court must do more than find that a witness is a perjurer in order to disqualify him.
Most of the cases addressing whether a witness understands his duty to tell the truth involve child witnesses. See Wade v. State, 586 So.2d 1200 (Fla. 1st DCA 1991); Bell v. State, 93 So.2d 575 (Fla.1957). The issue *549 usually turns on whether the child has sufficient maturity to understand the concept of truth. Cases that discuss this issue in the context of adults usually concern witnesses who had previously been found insane. See Goldstein v. State, 447 So.2d 903 (Fla. 4th DCA 1984) (psychologist permitted to testify about mental state of witness who had previously been found incompetent to stand trial because of insanity); State v. Keyes, 114 N.H. 487, 322 A.2d 615 (1974) (psychiatrist testified about competency of witness who had been found not guilty by reason of insanity).
We do not hold that only persons previously declared insane may be incompetent to testify. We believe, however, that some testimony about an adult witness’s mental inability to understand the concept of an oath to tell the truth, as opposed to his character flaw of having a proclivity to lie, is necessary before a court may completely disqualify the witness under this section. Absent such testimony, a witness’s previous lies are matters for impeachment and argument about his credibility. See United States v. Rosenberg, 108 F.Supp. 798, 806 (S.D.N.Y.1952) (in rare instances, a trial court may permit testimony by medical experts about a witness’s mental ability to testify truthfully, but the credibility of the witness and the weight to be given to his testimony rests exclusively with the jury), aff'd, 200 F.2d 666 (2d Cir.1952). No such testimony was presented in this case. We agree that the exclusion of the witness’s testimony requires a new trial. See Hernandez v. Home Depot, U.S.A., Inc., 695 So.2d 484 (Fla. 3d DCA 1997). Accordingly, we affirm.
American. Employers raises numerous arguments on cross-appeal, some addressing its motion for directed verdict, and some presenting additional reasons to support the grant of a new trial. We find no reversible error in any of the issues submitted to the jury, and therefore affirm the circuit court’s refusal to grant a judgment in accordance with American Employers’ motion for directed verdict at trial. We note, however, that the evidence on retrial may be different than that presented in the previous trial, particularly in light of our ruling that the witness who was declared incompetent may now testify. Our decision does not preclude American Employers from raising any or all of these issues in support of a motion for directed verdict at the new trial.
We also decline to address any of American Employers’ other arguments in support of the grant of a new trial. The circuit court’s sole reason for granting the motion was the exclusion of the witness previously discussed. If these other issues occur again at retrial, American Employers is free to once again raise them with the trial court.
Affirmed.
BLUE, A.C.J., and QUINCE, J., concur.