SHEPHERD, J.
 

 This is an appeal from a final summary judgment rendered in favor of the defendants, Mays Middle School Principal Kenneth Cooper and Assistant Principal Carol Kaloostian, in an action brought by former Mays Middle School teacher, Charles Bradley, for malicious prosecution and slander based upon an allegation that Cooper and Kaloostian procured another school employee, Walter Phillips, to make a false bomb threat call, using Bradley’s name, on December 10, 1999, three weeks after Bradley was fired. The state attorney prosecuted Bradley for making the threat, but the charges were dropped six months later, when Phillips admitted he was the sole perpetrator.
 

 The only testimony linking the bomb threat to Cooper and Kaloostian appears in the first deposition of Phillips taken in prison, while he was serving a six-month sentence for committing the crime. In that deposition, he also admitted to only one other arrest, for disorderly conduct. In a second deposition taken five-and-a-half years later — after defense counsel obtained a certified copy of Phillips’ rap sheet showing he had been arrested on four occasions, including an arrest for pawning computers stolen from Mays Middle School after making the bomb threat
 
 *847
 
 but before he pled to that crime
 
 [1]
 
 — Phillips could neither remember making the bomb threat, nor working for Mays Middle School, the Miami-Dade County School Board, Cooper, Kaloostian, or any of his prior arrests or convictions.
 

 On this state of the record, the trial court granted Defendants’ Motion to Prohibit Phillips’ Testimony, describing it as “a matter of bold face, on the record, lies.” We are hard-pressed to disagree with the trial court’s assessment of Phillips’ testimony. However, unaided as we are by the laudably less exacting federal summary judgment standard to which we might like to have access in this case,
 
 see e.g., Street v. J.C. Bradford & Co.,
 
 886 F.2d 1472, 1479-1480 (6th Cir. 1989) (discussing the “new era” in federal summary judgment jurisprudence where a trial court may summarily dispose of an action “[wjhere the record taken as a whole could not lead a rational trier of fact to find” for the respondent) (quoting
 
 Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
 
 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)), we are constrained
 
 [2]
 
 to reverse and remand this case for further proceedings.
 
 See State v. Scheuschner,
 
 829 So.2d 943, 944 (Fla. 1st DCA 2002) (finding the trial court violated clearly established principle of law when excluding testimony of State’s key witness upon a determination the testimony was “not worthy of belief’);
 
 State v. Nemeth,
 
 581 So.2d 627, 629 (Fla. 2d DCA 1991) (“Where a witness is competent to testify, and the defendant is fully afforded the right of confrontation, the testimony of that witness should not be stricken even where shown to be unreliable or inaccurate.”);
 
 see also Tampa Brass & Aluminum Corp. v. Am. Employers’ Ins. Co.,
 
 709 So.2d 548, 549 (Fla. 2d DCA 1998) (“[S]ome testimony about an adult witness’s mental inability to understand the concept of an oath to tell the truth, as opposed to his character flaw of having a proclivity to lie, is necessary before a court may completely disqualify a witness under ... section [90.603(2) of the Florida Evidence Code].”);
 
 Katz v. Ghodsi,
 
 682 So.2d 586, 588 (Fla. 3d DCA 1996) (explaining that credibility of a witness is within the sole province of the jury).
 

 Reversed.
 

 [1]
 

 . The arrest for pawning computers was made on April 24, 2000. On May 15, 2000, Phillips was sentenced pursuant to a plea, to one year of probation for the crime of dealing in stolen property. His employment as a security monitor with the Miami-Dade Public Schools was terminated. While on probation, Phillips finally admitted he, not Bradley, telephoned the bomb threat to the school. Two of the prior four convictions preceded Phillips’ application to the Miami-Dade Public Schools. Neither was disclosed on the application as required. Phillips never has been arrested for disorderly conduct.
 

 [2]
 

 . Counsel, of course, have an important counter-constraint.
 
 See
 
 Rules Regulating the Florida Bar 4-3.3(a)(4) (stating that a lawyer shall not "offer evidence that the lawyer knows to be false ... and may refuse to offer evidence that the lawyer reasonably believes to be false”);
 
 see also Dodd v. Fla. Bar,
 
 118 So.2d 17, 19 (Fla.1960) ("[T]he courts are almost wholly dependent on members of the bar to marshal and present the true facts of each cause in such manner as to enable the judge or jury to [decide the facts] to which the law may be applied. When an attorney ... allows false testimony ..., he ... makes it impossible for the scales [of justice] to balance.”);
 
 Fla. Bar v. Agar,
 
 394 So.2d 405 (Fla.1980);
 
 Fla. Bar v. Simons,
 
 391 So.2d 684 (Fla.1980).