# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0169, <u>State of New Hampshire v. Anthony Kinney</u>, the court on September 6, 2024, issued the following order:**

The defendant's motion for late authorities is granted.

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The defendant, Anthony Kinney, appeals his conviction in the Circuit Court (<u>Greenhalgh</u>, J.) for violating a protective order.  <u>See</u> RSA 173-B:9 (2022).  He raises numerous issues on appeal.  We affirm.

At the outset, we note that the defendant's brief does not include specific references to any portion of the record where the issues on appeal were raised and preserved.  <u>See</u> <u>Sup. Ct. R.</u> 16(3)(b) ("After each statement of a question presented, counsel shall make specific reference to the volume and page of the transcript where the issue was raised and where an objection was made, or to the pleading which raised the issue."); <u>see</u> <u>also</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).  It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  Furthermore, it is the defendant's burden as the appealing party to demonstrate that he raised his issues in the trial court.  <u>Id</u>.  Accordingly, we may decline to review issues raised on appeal for failure to comply with this rule.  <u>Id</u>. at 250-51.

The defendant first argues that the trial judge erred in not recusing himself from this case.  Assuming, without deciding, that the defendant raised this issue in the trial court, "[t]he party claiming bias must show the existence of bias, the likelihood of bias, or an appearance of such bias that the judge is unable to hold the balance between vindicating the interests of the court and the interests of the party."  <u>In the Matter of Tapply & Zukatis</u>, 162 N.H. 285, 297 (2011) (quotation omitted).  "The test for the appearance of partiality is an objective one, that is, whether an objective, disinterested observer, fully informed of the facts, would entertain significant doubt that justice would be done in the case."  <u>Miller v. Blackden</u>, 154 N.H. 448, 456 (2006) (quotation omitted).  Having considered the defendant's arguments, we cannot conclude that "an objective, disinterested observer, fully informed of the facts," would

"entertain significant doubt that justice would be done" in this case.  See Miller v. Blackden, 154 N.H. at 456.

The defendant next argues that the trial court's prior denial of the victim's motion for contempt precluded a finding of guilt under principles of res judicata and collateral estoppel.  Assuming, without deciding, that the defendant raised this issue in the trial court, the doctrine of collateral estoppel bars a party to a prior action from relitigating any issue or fact actually litigated and determined in the prior action.  Gray v. Kelly, 161 N.H. 160, 164 (2010).  Res judicata is a broader remedy that bars the relitigation of any issue that was, or might have been, raised regarding the subject matter of the prior litigation.  Id.  Neither collateral estoppel nor res judicata applies here because the allegations in the victim's motion for contempt differed from the facts that formed the basis for the defendant's conviction in this case.

The defendant next argues that his trial counsel provided ineffective assistance.  We note that, at the start of trial, the defendant claimed that he was receiving ineffective assistance.  Raising ineffective assistance of counsel claims on direct appeal is strongly disfavored and is appropriate only "where the factual basis of the claim appears indisputably on the trial record."  State v. Grande, 168 N.H. 487, 490 (2016) (citation omitted).  "To prevail upon a claim of ineffective assistance of counsel, the defendant must demonstrate first that counsel's representation was constitutionally deficient, and second, that counsel's deficient performance actually prejudiced the outcome of the trial."  State v. Newton, 175 N.H. 279, 285 (2022).  Having considered the defendant's arguments, we conclude that he has failed to meet this standard.

Because the defendant already has been convicted, we conclude that his bail arguments are moot and decline to address them.  See State v. Blum, 132 N.H. 396, 400 (1989).  We reject the defendant's arguments that his sentence violated Part I, Article 18 of the State Constitution.  The defendant contends that his sentence was excessive and that other individuals convicted of other crimes received less jail time.  Assuming that the defendant complies with the terms of his suspended sentence, he will serve a small fraction of the maximum sentence for violating a protective order.  See RSA 173-B:9, III (2022); State v. Wentworth, 118 N.H. 832, 841-43 (1978).  Moreover, the defendant has failed to show that other persons convicted under the same statute under similar circumstances received more lenient sentences.  We reject the defendant's argument that RSA 173-B:9 is unconstitutional.  We presume a statute to be constitutional and will not declare it invalid except upon inescapable grounds.  State v. Hollenbeck, 164 N.H. 154, 157 (2012).  In this case, the defendant has failed to develop a legal argument to support his assertion that RSA 173-B:9 is unconstitutional.  See State v. Blackmer, 149 N.H. 47, 49 (2003).

The defendant's remaining arguments are not preserved, see Bean, 151 N.H. at 250, and inadequately developed, see Blackmer, 149 N.H. at 49, and we

2

decline to address them, see Vogel v. Vogel, 137 N.H. 321, 322 (1993); see also Appeal of Omega Entm't, 156 N.H. 282, 287 (2007) (off-hand invocations of constitutional rights without support by legal argument or authority do not warrant extended consideration).

Affirmed.

MacDonald, C.J., and Bassett and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**