Filed 01/09/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-04338

| Glen Woods et al v. Kerry Brown et al |
|---|

## DECISION ON THE MERITS

This is a no-cause ejectment action brought by Plaintiffs Glen Woods and Wanda Woods against Defendants Kerry Brown and Cameron Powell. Defendants brought a counterclaim alleging consumer fraud, defamation, and illegal eviction. The court held a final hearing in this action on January 7, 2025. Plaintiffs were represented by Attorney Jeffrey Guevin. Defendants represented themselves.

### Findings of Fact

Based upon the credible evidence presented, the court makes the following findings of facts based upon a preponderance of the evidence. Plaintiffs own real property located at 1992 Main Street, Castleton, Vermont. Glen Woods is a pastor at a local church in Hubbardton, Vermont and works at Rutland Regional Medical Center as a psychiatric technician. Wanda Woods works as a LNA for Bayada Health. Mrs. Woods is third cousins with Ms. Brown.

In April of 2024, Ms. Brown started attending Mr. Woods' church in an effort to reconnect with family. Ms. Brown had grown up in the area, but had left for some period of time, before returning. Ms. Brown is in a relationship with Mr. Powell. Ms. Brown approached Mrs. Woods about renting rooms at 1992 Main Street in July, 2024. The property is rented to a Mr. and Mrs. Hughes by the Plaintiffs. After Mrs. Woods confirmed the Hughes' were ok with Ms. Brown and Mr. Powell renting rooms at 1992 Main Street, the parties agreed to the following oral contract. The Defendants would pay Plaintiffs $100 per week to reside at the property and would pay the Hughes' $50 per week to offset their utility usage.

When the agreement was made the parties discussed that the oral lease was anticipated being for a short amount of time as the Defendants were looking at other residences. The parties did discuss the possibility of the lease going into the winter months as some portion of the discussion revolved around the Defendants assisting the Hughes' financially during the winter months. The Plaintiff, at the time the lease as agreed to, did intend to sell the property. The Defendants made several offers to buy 1992 Main Street from the Plaintiffs, however the offers were not accepted.

On September 7, 2024, the Plaintiffs authored a Notice of Termination requiring the Defendants to vacate the property by October 1, 2024. Plf. Ex. 1. The Notice was sent via certified mail and was received by the Defendants on September 10, 2024. No reason was given in the Notice for the termination. Defendants paid their weekly rent as required.

Ms. Brown testified she felt the Plaintiffs disapproved of her relationship with Mr. Powell because they were not married. This belief stems from a conversation she had with Mr. Woods about getting

baptized at his church. During this conversation, Mr. Woods asked her if she was going to get married to Mr. Powell. Ms. Brown testified this started a pattern where Mr. Woods would push marriage on the Defendants. Mr. Woods testified there was only one conversation where marriage was discussed, which was during the discussion of baptism. Mr. Woods testified it was church policy that he could not baptize couples who were living together who were not married. It is unclear from the testimony whether this reasoning was explained to Ms. Brown during that conversation. Mr. Woods denied any additional conversation regarding marriage with Ms. Brown.

Ms. Brown during cross-examination was asked whether the Plaintiffs ever said anything untrue. Ms. Brown's response was "not the point." When pressed, Ms. Brown did not point to any specific statements made by either Glen Woods or Wanda Woods that was untrue regarding the property, the lease, or the Defendants.

The Defendants maintained possession of 1992 Main Street, Castleton, Vermont after October 1, 2024.

The Summons and Complaint in this case was served by Castleton Police Patrolman Edward Hayes.

Conclusions of Law

*Plaintiff's Claim*

Plaintiff's cause of action is governed by the requirements and terms of Vermont's Residential Rental Agreements Act, 9 V.S.A. § 4451 et seq. When there is no written lease agreement, a "landlord may terminate a tenancy for no cause as follows: … [i]f rent is payable on a weekly basis, by providing actual notice to the tenant of the date on which the tenancy will terminate, which shall be at least 21 days after the date of the actual notice." 9 V.S.A. § 4667(c)(2). Actual notice is defined as "receipt of written notice hand-delivered or mailed to the last known address. A rebuttable presumption that the notice was received three days after mailing is created if the sending party proves that the notice was sent by first-class or certified U.S. mail." 9 V.S.A. § 4451(1). The date of termination shall be at least 30 days after the date of actual notice if the property is a covered property under the federal CARES Act. 15 U.S.C. §§ 9058(a)(2) and (c).

In this case, the Defendants received actual notice of termination on September 10, 2024 when the received the certified letter at the Fair Haven, Vermont Post Office. Plf. Ex. 2. The Notice required Defendants to vacate the property by October 1, 2024. That is exactly 21 days after Defendants received actual notice of termination, making the Notice in compliance with 9 V.S.A. § 4667(c)(2). Defendants allege Plaintiffs failed to comply with the CARES Act because they didn't complete a mortgage search. Neither the CARES Act nor V.R.C.P. 9.2 require a landlord to complete a mortgage or title search. As Defendants do not allege the property is a covered property under the CARES Act, Plaintiff's 21 day notice requirement was sufficient under state and federal law. Defendants remain in possession of the property after October 1, 2024. When a tenant holds over possession of property after their tenancy has been terminated, a landlord may seek a writ of possession from the court. 12 V.S.A. § 4851. Plaintiffs have met their burden on this claim and is entitled to judgment for possession of 1992 Main Street, Castleton, Vermont.

As Plaintiffs are entitled to possession of the property, they are also entitled to judgment for rents due, damages, and costs. 12 V.S.A. § 4854. There was no evidence presented of any rents due or other

damages.  Plaintiffs are entitled to recover the statutory cost of the filing fee in this matter of $295.  32 V.S.A. § 1431(a).

At trial, Defendants argued that Plaintiff's case was not properly brought because the Summons and Complaint was served by a Castleton Police Officer instead of a sheriff or deputy sheriff.  Vermont Rule of Civil Procedure 4 states, "[s]ervice of all process shall be made by a sheriff or deputy sheriff, by a constable or other person authorized by law…"  V.R.C.P. 4(c).  Patrolman Hayes is not a sheriff or deputy sheriff, but a municipal police officer.  Municipal police officers "shall have the same powers as sheriffs in criminal matters and the enforcement of the law and the same powers, immunities, and matters of defense in serving criminal and civil process."  24 V.S.A. § 1935.  Municipal police officers are authorized by law to service civil process.  There was no insufficiency of process or service of process in this case because the Summons and Complaint was served by Patrolman Hayes.

*Defendants' Claims*

Defendants raised three separate causes of action against the Plaintiffs: 1) Consumer Fraud; 2) Defamation; and 3) Illegal Eviction.[1]  Each will be addressed separately.

### 1.  *Consumer Fraud*

The Defendants' first claim alleges violations of the Vermont Consumer Fraud Act (CFA).  The purpose of the CFA is "to protect the public against unfair or deceptive acts or practices and to encourage fair and honest competition."  *Sawyer v. Robson,* 2006 VT 136, ¶ 12 (citations and quotations omitted).  Landlords are subject to the requirements of the CFA.  *Id.* at ¶ 13.  Under the CFA:

> Any consumer who ... sustains damages or injury as a result of any false or fraudulent representations or practices prohibited by section 2453 of this title ... may sue for appropriate equitable relief and may sue and recover from the seller, solicitor or other violator the amount of his damages ....

9 V.S.A. § 2461(b).  A critical element of this claim is the Plaintiffs engaged in "false or fraudulent representations or practices."  Defendants were not able to identify any false or fraudulent statements or acts by the Plaintiffs during testimony.  As such, they cannot meet their burden on this claim.

### 2.  *Defamation*

The Defendants' second claim alleges defamation of character.  In order to prevail on this claim, Defendants must prove the following elements:

> (1) a false and defamatory statement concerning another; (2) some negligence, or greater fault, in publishing the statement; (3) publication to at least one third person; (4) lack of privilege in the publication; (5) special damages, unless actionable per se; and (6) some actual harm so as to warrant compensatory damages.

*Crump v. P & C Food Markets, Inc.,* 154 Vt. 284, 291 (1990) (citations omitted).  As noted above, Defendants failed to identify any false statements made by plaintiffs during their testimony.  As such, they cannot prove the first element of defamation and cannot meet their burden on this claim.

---

[1] Although Defendants alleged during testimony the Plaintiffs engaged in harassment and discrimination, the causes of action alleged in the Defendant's counterclaim is limited to the three noted.

Plaintiffs have requested reasonable attorney's fees pursuant to 12 V.S.A. § 5771, which states that "[i]f judgment is rendered for a defendant in a defamation action and the court finds that the action as frivolous and without merit, the court may award costs and reasonable attorney's fees to the defendant." A frivolous claim is defined as one "that has no legal basis or merit, esp. one brought for an unreasonable purpose such as harassment." CLAIM, Black's Law Dictionary (12th ed. 2024); *see also State v. Blum,* 132 N.H. 396, 401 (1989) (defining frivolous as "of little weight or importance; having no basis in law or fact" (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1961)). The standard for finding a claim frivolous is a high one. *In re Bailey,* 2009 VT 122, ¶ 68 (Johnson, J., dissenting). In this case the court finds credible Defendants' believe that the Plaintiffs made false statements that they believed harmed them. The admissible evidence at trial did not support this belief, however the court cannot find that the claim was brought frivolously or brought for the purpose of harassment. As such, Plaintiffs are not entitled to costs and reasonable attorney's fees in responding to this claim.

3. *Illegal Eviction*

The Defendants' final claim alleges illegal eviction. Under the Residential Rental Agreement Acts, "[n]o landlord may willfully cause, directly or indirectly, the interruption or termination of any utility service being supplied to the tenant, except for temporary interruptions for emergency repairs." 9 V.S.A. § 4463(a). Nor may a landlord "directly or indirectly deny a tenant access to and possession of the tenant's rented or leased premises, except through proper judicial process." 9 V.S.A. § 2263(b). Defendants alleged that there was an illegal eviction in November, 2024. The testimony at trial by Ms. Brown was incredibly sparse regarding this alleged event. Ms. Brown testified she was locked out of the property without a key, however there was no explanation of when this occurred, what led up to it, who locked her and Mr. Powell out of the property, or how long they were locked out for. Ms. Brown's brief statement she was locked out without a key is insufficient for the court to find that Plaintiffs willfully denied Defendants access to the property. Furthermore, there was no evidence presented that Plaintiffs willfully caused a termination or interruption of the utilities at the property. Defendants have not met their burden on this claim.

Conclusion

Plaintiffs are entitled to judgment for possession of 1992 Main Street, Castleton, Vermont. A clerk shall prepare a writ of possession. Plaintiffs are entitled to costs of $295. Plaintiffs are entitled to judgment on Defendants' counterclaims.

Electronically signed on January 9, 2025 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*
_____
Alexander N. Burke
Superior Court Judge