Strafford
No. 90-223

THE STATE OF NEW HAMPSHIRE

v.

PHILIP E. PATCH

December 11, 1991

*John P. Arnold*, attorney general (*Janice K. Rundles*, assistant attorney general, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J.  The defendant was convicted of felonious sexual assault, RSA 632-A:3, following a jury trial in Superior Court (*Nadeau*, J.). On appeal he raises several issues, only one of which we need consider: namely, whether the indictment charging one count of felonious sexual assault was unconstitutionally duplicitous in that it alleged a "course of conduct involving several incidents of intentionally touching" over a six-month period. We reverse and remand.

The defendant argues that the indictment charging him with one count of felonious sexual assault is unconstitutionally duplicitous. The indictment states, in part, that:

"between the *FIRST* day of *MAY* and the *FIRST* day of *NOVEMBER* in [1988] . . . [the defendant] DID, PURPOSELY ENGAGE IN SEXUAL CONTACT WITH A PERSON OTHER THAN HIS LEGAL SPOUSE WHO WAS UNDER THIRTEEN (13) YEARS OF AGE, IN THAT THE SAID PHILIP PATCH DID ENGAGE IN A COURSE OF CONDUCT INVOLVING SEVERAL INCIDENTS OF INTENTIONALLY TOUCHING AND FONDLING THE PENIS OF A MALE JUVENILE WHOSE DATE OF BIRTH IS NOVEMBER 23, 1975, ALL OF SAID ACTS BEING DONE FOR SEXUAL GRATIFICATION OR AROUSAL."

The defendant filed a motion to quash the indictment, arguing that the "course of conduct" allegation "during an undifferentiated six-month period" makes the indictment deficient because it is a "non-specific general indictment." A hearing was held, and the motion was denied. The State argues that the defendant has failed to preserve the issue of duplicitousness for appellate review because he did not make this argument to the trial court. However, it is apparent from the hearing on the motion to quash that the issue now raised on appeal was before the court and was ruled upon. Although the defendant did not use the term "duplicitous," he did object to the language in the indictment alleging "a course of conduct involving several incidents," and the trial court replied in part that "if the jury finds that any incident occurred between the 1st of May and the 1st of November, that's sufficient to convict him . . . ."

An indictment is duplicitous when it charges two or more offenses in one count. *See State v. Wright*, 126 N.H. 643, 646, 496 A.2d 702, 703 (1985); *State v. Wong*, 125 N.H. 610, 623, 486 A.2d 262, 270 (1984). Each act of sexual contact as defined by RSA 632-A:1, IV constitutes a separate offense of felonious sexual assault when such contact is with a person less than thirteen years of age. *See* RSA 632-A:3, III. Although the exact date of the charged offense is not an element of the crime, *see State v. Boire*, 124 N.H. 622, 624, 474 A.2d 568, 569 (1984), the indictment must be specific enough to ensure notice to the defendant, assurance against double jeopardy, and the reliability of an unanimous jury verdict. *See People v. Keindl*, 509

N.Y.S. 2d 790, 793, 502 N.E.2d 577, 580 (Ct. App. 1986). Moreover, the defendant is entitled to have a jury of his peers determine guilt or innocence based on a specific incident, rather than a series of incidents. *Id.*

By alleging a "course of conduct involving several incidents of intentionally touching," the indictment at issue encompassed more than one offense. *See State v. Wong*, 125 N.H. at 623, 486 A.2d at 270. As the prosecution indicated at the hearing on the motion to quash, it could have brought several indictments, each alleging a specific incident, and consolidated them for trial. That is exactly what the State is required to do. Evidence of more than one incident was admitted at trial without any indication as to which incident the jury was to focus upon in determining guilt. Thus, it is possible that not all of the jurors were considering the same act when they voted unanimously to convict. *See People v. Keindl*, 509 N.Y.S. 2d at 793, 502 N.E.2d at 580.

We hold that the trial court erred in denying the defendant's motion to quash. Because our determination on this issue is dispositive of the case, we do not consider the defendant's other claims of error.

*Reversed and remanded.*

All concurred.