Strafford
No. 91-176

THE STATE OF NEW HAMPSHIRE

v.

PAUL AIKENS

May 14, 1992

*John P. Arnold,* attorney general (*Ann M. Rice,* assistant attorney general, on the brief), by brief for the State.

*W. Kirk Abbott, Jr.,* assistant appellate defender, of Concord, by brief, for the defendant.

### MEMORANDUM OPINION

HORTON, J.   The defendant, Paul Aikens, was convicted by a jury of aggravated felonious sexual assault. He argues on appeal that the Superior Court (*Nadeau,* J.) abused its discretion when it: (1) found the then nine-year-old victim competent to testify at trial; and (2) denied the defendant's motion for bail pending the outcome of this appeal. We affirm.

Recitation of the facts underlying this case is not necessary. At trial, the State called the victim as its first witness. Immediately af-

ter the witness was sworn in, the defendant asked the court to inquire into the competency of the witness outside the jury's presence. The State objected. Following a brief discussion at the bench, the court instructed the State to ask a series of foundation questions relating to competency in the presence of the jury. Apparently not satisfied that the State had established that the witness was competent to testify, the court excused the jury and attempted to *voir dire* the witness. The court was not able to elicit much information from the witness. The court noted that she seemed to "know[] the distinction between telling the truth and a lie[]" but expressed concern about her ability to recall the events in question. To that end, the court permitted the State to further question the witness, but did not permit the defendant to inquire. Based upon the questions asked by the State and itself, the court found the victim competent and permitted her to testify.

The defendant argues that the court abused its discretion when it did not allow him to pose any questions to the witness concerning competency. We disagree. A witness is presumed competent to testify, *see* N.H. R. Ev. 601(a), unless the court finds that she "lacks sufficient capacity to observe, remember and narrate as well as understand the duty to tell the truth," N.H. R. Ev. 601(b). It is solely for the trial court to determine whether a witness is competent to testify. *See State v. Blum*, 132 N.H. 396, 399, 566 A.2d 1131, 1132 (1989). "The competency of the witness to testify before the jury is a threshhold [*sic*] question of law committed to the trial court's discretion. . . ." *Id.* (quotation omitted). Where the record supports the court's determination of competency, "we will not disturb that determination absent an abuse of discretion." *Id.*

When exercising its discretion to determine competency, the court may permit both parties to participate in *voir dire* of the witness, or it may conduct the examination itself. *Id.* at 399, 566 A.2d at 1133. The defendant suggests that the court must conduct the entire *voir dire* of a child witness or, in the alternative, requests that we expressly so hold today, and directs our attention to *Blum* to support this argument. We noted in *Blum* that "[a] better rule for witnesses of tender years would dictate that *voir dire* be conducted solely by the court." *Id.* We also stated, however, that "we are not prepared to find that allowing one party, but not both, to conduct *voir dire* of the witness amounts to error, absent a showing of actual prejudice." *Id. Blum* does not require that the court conduct *voir dire* by itself, but only suggests that this may be the best way to proceed. We

leave to the trial court's sound discretion the manner in which *voir dire* of a child witness should be conducted, unless its handling of the matter prejudices the defendant. We encourage trial judges, where appropriate, to conduct competency hearings involving children of tender years outside the presence of the jury.

In this case, the defendant argues that he suffered prejudice because the *voir dire* did not permit a complete examination of the witness's competency to testify. He contends that the court's competency determination was based not upon her cognitive abilities, but rather her responses to the State's prepared questions about the assault itself. The defendant is mistaken. The record reveals that the questions asked by the court and the State thoroughly examined the witness's ability "to observe, remember and narrate as well as understand the duty to tell the truth." N.H. R. Ev. 601(b). The defendant was not prejudiced by the court's decision not to allow him to *voir dire* the child witness. Accordingly, the court properly exercised its discretion.

The defendant next argues that the court abused its discretion when it denied his motion for bail pending the outcome of this appeal. Specifically, he contends that the court did not properly consider whether this appeal was frivolous under RSA 597:1-a, III(b) (Supp. 1991), and that no material change in circumstances justified the denial of bail pending appeal when the same judge had previously granted bail pending sentencing. These contentions are moot, and the issues raised, although capable of arising again in the future, *see Blum*, 132 N.H. at 400, 566 A.2d at 1133, need not be addressed. We examined the issue of frivolous appeals in *Blum*. *Id.* at 400–01, 566 A.2d at 1133–34. The alleged inconsistency between the court's granting of bail pending sentencing and its refusal to do so pending appeal does not compel consideration. The mere fact of the unexecuted sentence is enough to confer fresh discretion upon the trial court in considering bail pending appeal.

*Affirmed.*

All concurred.