Strafford
No. 93-010

## THE STATE OF NEW HAMPSHIRE

v.

## BRYAN BROWN

July 11, 1994

650

*Jeffrey R. Howard*, attorney general (*John A. Curran*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief for the defendant.

HORTON J.   The defendant, Bryan Brown, was convicted after a jury trial in Superior Court (*Perkins*, J.) of two counts of aggravated felonious sexual assault, RSA 632-A:2, XI (1986), and two counts of felonious sexual assault, RSA 632-A:3, III (1986). On appeal, the defendant argues that the trial court erred by: (1) denying his posttrial motion to dismiss the indictments as unconstitutionally duplicitous under *State v. Patch*, 135 N.H. 127, 599 A.2d 1243 (1991); and (2) allowing only the prosecutor to question the then seven-year-old victim concerning her competency. We affirm.

On November 18, 1991, the defendant was convicted of two counts of aggravated felonious sexual assault and two counts of felonious sexual assault. The defendant did not object at trial to the indictments. On December 11, 1991, this court decided *State v. Patch*, 135 N.H. 127, 599 A.2d 1243 (1991), holding that an indictment charging one count of felonious sexual assault was unconstitutionally duplicitous because it alleged a "course of conduct involving several inci-

dents of intentionally touching" over a six-month period. On December 16, 1991, twenty-eight days after his conviction, the defendant moved for the first time to dismiss his indictments because each charged a course of conduct. The trial court denied the motion, finding that it was untimely, improperly framed, and incorrectly preserved. Moreover, the court noted, "[a]ssuming arguendo that the multiple procedural bars to this motion could be overcome, this case can be distinguished from *State v. Patch*, 135 N.H. 127 (1991)."

At trial, the prosecutor began his examination of the seven-year-old victim by questioning her about her age, school, family, and residence. The defendant then asked the court to *voir dire* the witness to determine whether she was competent to testify. The prosecutor asked the witness the following questions in front of the jury:

> "[Prosecutor]: Now, do you know, before you sat down at the witness stand, do you remember I had you raise your right hand?
>
> [Witness]: Yes.
>
> [Prosecutor]: And I asked you about telling the truth and the whole truth?
>
> [Witness]: Yes.
>
> [Prosecutor]: Do you know what it means to tell the truth?
>
> [Witness]: Yes.
>
> [Prosecutor]: Do you know the difference between a truth and a lie?
>
> [Witness]: Yes.
>
> [Prosecutor]: Could you explain it to me?
>
> [Witness]: Well, truth is, I would say it's kind of cloudy out here tonight—today.
>
> [Prosecutor]: You'd say that was true?
>
> [Witness]: Yes.
>
> [Prosecutor]: Okay.
>
> [Witness]: And a lie would be it's sunny out.
>
> [Prosecutor]: Okay. And have you ever told a lie . . . ?
>
> [Witness]: A few.
>
> [Prosecutor]: A few? What kinds of things have you lied about?
>
> [Witness]: Well, once I lied to my mother that I was going to go down to the store, but I didn't; I went far, far away up to my friend's house.

[Prosecutor]: And do you—what happens to you when you—when you lie?

[Witness]: Sometimes I get grounded, and sometimes I have to stay in the house for a week or so.

[Prosecutor]: So you get punished when you lie?

. . .

[Witness]: Yes.

[Prosecutor]: And you understand that it's very important for you to tell the truth here?

[Witness]: Yes.

[Prosecutor]: And do you know why we're here today?

[Witness]: To—well, you want us to tell the truth.

[Prosecutor]: Okay. And do you know what we're here to—you're here to tell the truth about?

[Witness]: Bryan and me.

[Prosecutor]: Okay. And do you remember the—what happened between Bryan and you?

[Witness]: Yes.

[Prosecutor]: Now, what happened between you and Bryan, where did it happen?

[Witness]: In my mom's bedroom."

After this colloquy, the prosecutor asked the court to find the witness competent. The defendant objected, requesting an opportunity to cross-examine the witness. The trial court overruled the defendant's objection, stating: "Based on the answers she's given, I'm going to find her competent. But you can deal with it on cross."

On appeal, the defendant first argues that the trial court erred in denying his motion to dismiss because the indictments against him were unconstitutionally duplicitous. He acknowledges that he failed to object to the indictments at trial. Nevertheless, he urges us to address the issue because he had no means of raising the issue under the law in effect at the time of his trial. *State v. Monteiro*, 110 N.H. 95, 97, 261 A.2d 269, 271 (1970).

■ The general rule is that we will not consider grounds of objections not called to the court's attention at trial. *State v. Johnson*, 130 N.H. 578, 587, 547 A.2d 213, 218 (1988). We have recognized a limited exception to the preservation rule, however, when "it would have been futile [for the defendant] to object" under the law in effect at the time of trial. *State v. Nelson*, 105 N.H. 184, 190, 196 A.2d 52, 57

(1963), *cert. denied*, 377 U.S. 1001 (1964). The defendant contends that his case falls squarely within the exception because pre-*Patch* caselaw made it futile for him to object to these indictments on the basis of unconstitutional duplicity. We disagree.

■ Prior to our decision in *Patch*, we recognized that an indictment is unconstitutionally duplicitous if it charges more than one offense in one count. *See, e.g., State v. Wright*, 126 N.H. 643, 646, 496 A.2d 702, 703 (1985). We had not addressed, however, whether the course of conduct language at issue in *Patch* survived constitutional scrutiny. Because the issue was unresolved under the law in effect at the time of the defendant's trial, he was not precluded from making a timely objection to the indictments. Therefore, we decline to address whether the indictments are unconstitutional under *Patch*.

The defendant next argues that he was prejudiced and denied due process by the trial court's decision to allow only the prosecutor to *voir dire* the seven-year-old victim as to her competency.

■ A witness is presumed competent to testify, *see* N.H. R. Ev. 601(a), unless the trial court finds that the witness "lacks sufficient capacity to observe, remember and narrate as well as understand the duty to tell the truth." N.H. R. Ev. 601(b). Where there is a record to support the trial court's determination of competency, we will not disturb that determination absent abuse of discretion. *State v. Blum*, 132 N.H. 396, 399, 566 A.2d 1131, 1133 (1989). Nor will we reverse the trial court's determination based upon the manner in which *voir dire* of a child witness is conducted, unless the handling of the matter prejudices the defendant. *State v. Aikens*, 135 N.H. 569, 571–72, 607 A.2d 948, 949 (1992).

In this case, the defendant argues that he suffered prejudice because he did not have the opportunity to question the witness before the trial court's competency ruling to ascertain whether her testimony was rehearsed. As the trial court recognized in overruling the defendant's objection, this would be a proper line of questioning for cross-examination. *See Kentucky v. Stincer*, 482 U.S. 730, 744 (1987). Prior to the court's competency determination, the prosecutor properly tested her capacity "to observe, remember and narrate as well as understand the duty to tell the truth." N.H. R. Ev. 601(b). She was asked, and responded to, questions about past events and recent occurrences. She was able to distinguish between the truth and lies, and she demonstrated an appreciation for the importance of telling the truth.

■ Moreover, the defendant was not deprived of the opportunity to determine whether the witness's testimony had been rehearsed.

The defendant pursued this line of questioning on cross-examination. The court retains the responsibility of determining competency throughout the trial. *See* C. TORCIA, WHARTON'S CRIMINAL EVIDENCE § 360, at 444 (14th ed. 1986). If the trial court had reason to question the competency of the seven-year-old witness at any stage of the trial, the court had a duty to remove the child from the witness stand and to instruct the jury to disregard her testimony. *See Kentucky v. Stincer*, 482 U.S. at 743 n.13. In this case, however, the record supports the trial court's finding of competency. Accordingly, we cannot conclude that the defendant suffered any prejudice by the temporal limitation upon his ability to question the witness concerning her competency. *See Aikens*, 135 N.H. at 572, 607 A.2d at 949.

■ Finally, the defendant argues that the procedure of allowing only the prosecutor to examine the witness as to her competency violated his due process rights. The record reveals that the prosecutor asked the witness routine questions, directed at her capacity "to observe, remember and narrate as well as an understanding of the duty to tell the truth." *Blum*, 132 N.H. at 399, 566 A.2d at 1133. Such questions almost certainly would have been asked by the judge in similar form had he conducted the *voir dire* himself. *Id.* Under these circumstances, we are not persuaded that the trial court's decision to allow only the prosecutor to question the victim at trial concerning her competency violated the defendant's due process rights. *Cf. Kentucky v. Stincer*, 482 U.S. at 744.

*Affirmed.*

All concurred.