**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2377

TIMOTHY DUPONT,

Petitioner, Appellant,

v.

JANE COPLAN, Warden, New Hampshire State Prison,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

Timothy Dupont on Motion for Certificate of Appealability.

July 9, 2004

**Per Curiam**. Petitioner Timothy Dupont seeks a certificate of appealability ("COA") to appeal from the denial of his § 2254 petition. In his pro se filings in this court, petitioner raises multiple issues. Only the two issues that he raised in his § 2254 petition in district court are properly before us. See David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) ("It is well established that a party may not unveil an argument in the court of appeals that he did not seasonably raise in the district court").

An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a state court shall be entertained "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where, as in this case, the claims were adjudicated on the merits in state court, relief may be granted only if the state court's adjudication of the claim resulted in a decision that was "contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A COA to appeal from the denial of such a petition may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the "district court has rejected the constitutional claims on the

merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has failed to make the requisite showing with regard to either issue presented to the district court.

I. Sufficiency of the Indictments

A. Particularity  In his memo in support of his § 2254 motion, Dupont argued that the indictments were not sufficiently specific to allow defendant to prepare his defense because "[t]he only distinguishing facts among the sets of indictments are the dates." The Sixth Amendment "requires that the defendant be informed of the nature and cause of the accusation." United States v. Calderon, 77 F.3d 6, 9 (1st Cir. 1996) (citation omitted). "[I]n general, an indictment is sufficiently particular if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions for the same offense. See Hamling v. United States, 418 U.S. 87 (1974)." United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993).

The indictments charged Dupont with sixty-nine counts of felonious sexual assault, in violation of RSA 632-A:3, III. The elements of that offense are: 1) engaging in sexual contact, 2) with a person other than the actor's legal spouse, 3) when the person is

-3-

under 13 years of age. Each count charged a specific sexual contact between Dupont and his step daughter, and the month and year when such contact occurred. The New Hampshire Supreme Court "agree[d] with the trial court that the defendant failed to demonstrate that he was prejudiced in his ability to prepare a defense." State v. Dupont, 149 N.H. 70, 77 (2003). The district court concluded that the state court's holding in that regard was not contrary to nor an unreasonable application of clearly established federal law, as determined by the United States Supreme Court. 8/27/03 Order, pp. 11-12. Dupont has failed to demonstrate that reasonable jurists would find that assessment debatable or wrong.

### B. Duplicity

"Duplicity is the joining in a single count of two or more distinct and separate offenses." United States v. Martinez Canas, 595 F.2d 73, 78 (1st Cir. 1979). "[T]he prohibition against duplicitous indictments arises primarily out of a concern that the jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of any particular offense." United States v. Valerio, 48 F.3d 58, 63 (1st Cir. 1995).

United States v. Verrecchia, 196 F.3d 294, 297 (1st Cir. 1999).

In his § 2254 memorandum, Dupont argued that "the manner in which the indictments read had the effect of being duplications and thus tainted the verdict of the jury," in violation of his right against Double Jeopardy. This argument was made by Dupont in his appeal to the Supreme Court of New Hampshire, where he contended that "notwithstanding the separate indictments, they are generic in

-4-

nature and permit the juror confusion enunciated in [State v.] Patch [, 135 N.H. 127 (1991)]." However, the New Hampshire Supreme Court held that the potential for jury confusion recognized in Patch "did not exist in this case because the State did exactly what Patch requires; it 'brought several indictments, each alleging a specific incident, and consolidated them for trial.' Patch, 135 N.H. at 129. The allegation of a single incident in each of a number of specific months both ensured unanimity and precluded any danger of double jeopardy." Dupont, 149 N.H. at 77.

The district court held that Dupont had failed to demonstrate that the state court's resolution of that issue was contrary to or involved an unreasonable application of federal law. Dupont has not shown that reasonable jurists could find that assessment debatable or wrong with respect to his claim that the indictment was unconstitutionally duplicitous.

II. Tape-Recorded Confession

In his second Amended Petition, Dupont clarified that he was seeking § 2254 relief on the ground that the New Hampshire Supreme Court had misapplied the federal "harmless error" rule set forth in Rose v. Clark, 478 U.S. 570 (1986), to his claim that the trial court had erred in admitting his tape-recorded confession. However, a COA may not issue unless the petitioner has made a substantial showing of the denial of a constitutional right. As the district court stated, "[t]here is no requirement in federal law that a taped

confession be 'complete' before it can be admitted into evidence, and certainly the federal constitution imposes no such requirement." 8/27/03 Order, p. 9. Therefore, the second Amended § 2254 Petition failed to allege, much less make a substantial showing of, a constitutional violation.

The district court noted that Dupont's original § 2254 petition "hints at a claim that Dupont's due process rights were violated by the admission into evidence of his taped confession." Id., p. 9 n.1. Finding that claim to be unexhausted but "wholly without merit," the district court denied it. Id. "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

In his § 2254 memorandum Dupont argued that his due process rights were violated by "the failure of the government to record and introduce the entire interrogation of the defendant." § 2254 Memorandum, p. 7. In support of that argument he relies upon Crane v. Kentucky, 476 U.S. 683 (1986). That case is inapposite however. Dupont has not alleged that he sought and the trial court prevented him from introducing evidence about the circumstances in which his confession was given. Instead, he argued that the admission into evidence of the selective recording of his interrogation misled the jury by keeping from them the "context of the 'confession' and the coercive nature of the interrogation as alleged by the defendant."

The police officers' failure to record the entire interrogation arguably could be characterized as a failure to preserve evidence. Such a failure violates a defendant's due process rights only if the government: "(1) acted in bad faith when it [failed to preserve] evidence, which (2) possessed an apparent exculpatory value and, which (3) is to some extent irreplaceable." United States v. Femia, 9 F.3d 990, 993-94 (1st Cir. 1993).

It appears that Dupont could not satisfy the second requirement. The state court found that "[t]he defendant's taped confession was merely cumulative of [other] evidence," that there was "no evidence that the defendant made exculpatory or otherwise inconsistent statements during the unrecorded portion of his statements to the police," and that "the victim's testimony that the defendant had committed all of the acts charged was essentially uncontradicted." Dupont, 149 N.H. at 76. The New Hampshire Supreme Court concluded that "it is clear beyond a reasonable doubt that the defendant would have been convicted even if the recording had been excluded." Id. Dupont has not challenged those findings. Under these circumstances, reasonable jurists could not find debatable or wrong the district court's assessment that Dupont's due process claim was meritless.

Dupont's requests for a COA and for an evidentiary hearing are denied. The appeal is terminated.