# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0751, <u>State of New Hampshire v. Maurice Belmore</u>, the court on November 14, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Maurice Belmore, appeals his conviction, following a jury trial in Superior Court (<u>Colburn</u>, J.), on a charge of misdemeanor criminal trespass, <u>see</u> RSA 635:2, III(b)(2) (2016).  He contends that the evidence was insufficient to find that:  (1) he was not licensed or privileged to remain where he was; and (2) the police officer who told him to leave was an "authorized person." He further argues that the trial court erred by not instructing the jury "properly on the elements of criminal trespass because it omitted the element of 'authorized person.'"

RSA 635:2 (2016) provides that:  "A person is guilty of criminal trespass if, knowing that he is not licensed or privileged to do so, he enters or remains in any place."  Criminal trespass constitutes a misdemeanor offense if "[t]he person knowingly . . . remains . . . [i]n any place in defiance of an order to leave . . . which was personally communicated to him by the owner or other authorized person."  RSA 635:2, III(b)(2).

We first address the sufficiency of the evidence.  At trial, the defendant argued that the evidence was insufficient to show that the owner of the bar occupying a portion of the property on which the defendant was charged with trespassing had authorized the police officer to order him to leave; on appeal, he argues that the evidence was insufficient to show that:  (1) the bar owner had the authority from the fee owner to order the defendant to leave; and (2) the defendant was not licensed or privileged to remain.  Because of the differences between his appellate and trial court arguments, the defendant invokes our plain error rule.  <u>See</u> <u>Sup.Ct. R.</u> 16-A.

Plain error should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result.  <u>State v. Pennock</u>, 168 N.H. 294, 310 (2015).  To find plain error:  (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings.  <u>Id.</u>

We need not decide whether the trial court erred in not sua sponte dismissing the charge because we cannot conclude that such an error was plain. "Plain," as used in the plain error rule, is synonymous with clear or obvious. Id. An error is plain if it was or should have been obvious in the sense that the governing law was clearly settled to the contrary. Id. When the law is not clear at the time of trial and remains unsettled at the time of appeal, a decision by the trial court cannot be plain error. Id.

In this case, any error by the trial court was neither clear nor obvious. The defendant does not cite, nor are we aware of, any authority delineating, in the context of RSA 635:2, when a person is "licensed or privileged" to remain outside a commercial establishment after the business is closed. State v. McMillan, 158 N.H. 753 (2009), to which the defendant directs us, addressed whether a defendant's leasehold interest in the property automatically conferred license or privilege to enter a structure for the purpose of RSA 635:1, I (2016), the burglary statute. McMillian, 158 N.H. at 759. It did not address when, pursuant to RSA 635:2, a person is licensed and privileged to remain on the ground outside the door of a bar that is closed for the night.

Similarly, what constitutes sufficient authority to order another to leave pursuant to RSA 635:2, III(b) is not clear under our law. Compare State v. Ruff, 155 N.H. 536, 538 (2007) (assuming without deciding that an authorized person under RSA 635:2, III(b) is one with actual authority), and State v. Dupuy, 118 N.H. 848, 852 (1978) (determining that person who authorized police officer to order protesters to leave had actual authority to do so), with State v. Gaffney, 147 N.H. 550, 555 (2002) (finding that repeated orders by individuals in actual or apparent authority were sufficient to support a conviction under RSA 635:2, III(b)).

The defendant argues that the error was plain "because the evidence was insufficient to prove [the] essential element[s] of the crime." (Quotation omitted.) However, this begs the question of what the evidence had to show in order to establish the elements of the offense. Accordingly, we cannot conclude that any error by the trial court was plain. See Pennock, 168 N.H. at 310.

We next address whether the trial court erred by not instructing the jury as to the "authorized person" element. The defendant concedes that he did not object to the trial court's instructions. However, he argues that "it would have been futile for [him] to object to the court's jury instruction given the prior ruling" that the complaint gave him adequate notice that he had been ordered to leave by an authorized person.

The general rule is that we will not consider grounds of objections not called to the court's attention at trial. State v. Brown, 138 N.H. 649, 652 (1994). We have recognized a limited exception to the preservation rule, however, when it

would have been futile for the defendant to object under the law in effect at the time of trial.  Id.

In this case, the defendant does not argue that the law was settled against him at the time of trial or that it has since changed.  Instead, he argues only that "[b]ecause the court held that [the police officer's] request [that he leave] satisfied the element [that the order must come from "the owner or other authorized person"], it would have been futile . . . to object to the court's instruction consistent with that ruling."  However, as discussed above, the meaning of "authorized person" pursuant to RSA 635:2, III(b)(2) was unresolved at the time of the trial.  Thus, an objection would not have been futile, and we, therefore, decline to address his arguments regarding the instruction for the first time on appeal.  See Brown, 138 N.H. at 652.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,<br>Clerk**

3